■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR NOCEDO, Appellant.—Judgment, Supreme Court, New

York County (John Bradley, J., at *Huntley* hearing; Murray Mogel, J., at trial and sentence), rendered March 10, 1988, which convicted defendant, after a jury trial, of assault in the first degree and sentenced him to an indeterminate term of imprisonment of from 5 to 15 years, unanimously reversed, on the law and the facts, and a new trial ordered.

The defendant allegedly stabbed one Rodriguez in the back when Rodriguez intervened to stop an argument between the defendant and another person. Before the close of the prosecutor's case, juror number five told the Judge that he was a wine salesman on commission and that the price of his "fastest selling brand" was going up the first week in March and that he had to get out to sell before that time or else he would lose commissions.

Without further inquiry and over objection by defense counsel, the court discharged the juror, concluding that it did not think the juror would deliberate impartially and fairly with his mind on something else. There is no basis in the record for such conclusion. Mere concern on the part of a juror that his continued service could result in financial hardship is insufficient to warrant his discharge *(see, People v Molette,* 129 AD2d 651, 652-653).

*People v Page* (72 NY2d 69, 73), while stating that there is no inflexible rule to determine when a juror should be discharged, makes it clear that inquiry should have been made as to the degree of unavailability of the juror and whether the trial could have continued to conclusion with sufficient time yet available for the juror to have satisfied his business needs. The juror had stated that he had "no problems with serving on the jury", his only concern being that the case be concluded as quickly as possible.

The trial had started on Tuesday, February 16th and on Thursday, February 18th, the juror raised his problem, stating that he had to "get to the street by Monday". The court stated that there were "two more days of trial" plus deliberation time, which could still have given the juror time for his business obligations. The jury, in fact, returned its verdict on the afternoon of Monday, February 22nd. Under the circumstances, the discharge of juror number five was an improvident exercise of the court's discretion pursuant to CPL 270.35 *(compare, People v Vasquez,* 141 AD2d 880, 881; *see, People v Wilson,* 106 AD2d 146, 150-151). Concur—Murphy, P. J., Kupferman, Ross, Asch and Rubin, JJ.