■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED DUNKLEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered March 15, 1991, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The testimony at trial established that the defendant, a juvenile offender, shot and killed the decedent, who had a history of harassing the defendant. The defendant admitted to the police that he had shot the decedent, but claimed that the gun went off while the two were struggling for the gun. However, the forensic evidence established that the decedent was at least three feet from the gun when he was shot.

The defendant maintains that the trial court committed reversible error when it refused to dismiss for cause three

jurors. Specifically, the defendant contends that the trial court erred in refusing to dismiss a juror who had worked in the District Attorney's office with the prosecutor eight years prior to trial. However, since she had left the District Attorney's office she only had a nodding acquaintance with the prosecutor. Therefore, it cannot be said that this juror's relationship with the prosecutor would preclude her from rendering an impartial verdict (see, People v Provenzano, 50 NY2d 420).

The defendant was not prejudiced by the trial court's failure to dismiss for cause a second juror, since the prosecutor exercised a peremptory challenge and that juror was excused.

Nor do we find that the trial court erred in refusing to dismiss for cause a third juror. Although this juror expressed concern regarding her absence from work, she stated that she would not lose pay, be fired, or be demoted as the result of her jury service. Further, this juror twice responded negatively to the inquiry as to whether there was any reason she should not sit on the jury, and stated that she felt comfortable sitting on the case. Therefore, in light of her answers as a whole, it cannot be said that her response of "I hope not" to the prosecutor's question as to whether her work would affect her concentration on the case indicated that she possessed a state of mind that was likely to preclude her from rendering an impartial verdict based solely upon the evidence (see, CPL 270.20 [1] [b]). We note that the present case is distinguishable from People v Lawrence (159 AD2d 518) wherein this Court held that a prospective juror's statement that she would "try" to render an impartial verdict was insufficient to rehabilitate her after she expressed sympathy toward the nine-year-old complainant, since in the present case the juror had not expressed any bias or prejudice and therefore was not in need of rehabilitation.

The defendant's remaining contentions are unpreserved for appellate review (see, CPL 470.05 [2]). Sullivan, J. P., Miller, Ritter and Pizzuto, JJ., concur.