■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SECREST, Appellant. [654 NYS2d 223] —Judgment unanimously affirmed. Memorandum: County Court properly determined that defense counsel failed to establish a prima facie case of purposeful discrimination by the prosecutor during jury selection (see, Batson v Kentucky, 476 US 79). The prosecutor used peremptory challenges to excuse three black women and two white women. Defense counsel failed to present facts and other relevant circumstances that would raise an inference that the prosecutor had a discriminatory intent to exclude the five members of the venire (see, Batson v Kentucky, supra; People v Childress, 81 NY2d 263, 266-267).

Defendant's contention that the prosecutor improperly impeached four prosecution witnesses on redirect examination is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to reach it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

The court properly denied defendant's motion to suppress oral statements made by defendant after the warrantless entry by police into the home of his girl friend. Because defendant failed to establish that he had a reasonable expectation of privacy in the premises, he lacks standing to challenge the warrantless entry (*see, People v Ortiz,* 83 NY2d 840; *People v Ponder,* 54 NY2d 160, 166).

Defendant's contention that the prosecutor failed to lay a proper foundation for the introduction of DNA evidence is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to reach it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

The court did not abuse its discretion by requiring defendant to try on two jackets and gloves for the jury. Although defendant argued that his chest size had increased since the time of the crime, his height and hand size remained the same. The conditions were therefore sufficiently similar to make the result of the experiment relevant (*see,* Prince, Richardson on Evidence § 4-219 [Farrell 11th ed]).

Upon our review of the record, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, D'Amico, J.—Murder, 2nd Degree.) Present—Denman, P. J., Lawton, Fallon, Doerr and Balio, JJ.