THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IOAN CIOCHENDA, Also Known as IOAN CIOCHENDEA, Appellant. [793 NYS2d 47]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered May 14, 2003, convicting defendant, after a jury trial, of attempted rape in the first degree and unlawful imprisonment in the second degree, and sentencing him to

concurrent terms of 7¹/₂ years and 1 year, respectively, and order, same court and Justice, entered on or about June 2, 2003, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The court properly denied defendant's challenge for cause to a prospective juror who expressed a concern that the length of the trial might interfere with her employment. The prospective juror's comments did not cast doubt on her ability to render an impartial verdict based on the evidence, and the court was not required to seek an assurance that she could decide the case impartially (*see People v Arnold*, 96 NY2d 358, 363 [2001]). The panelist's brief remark suggested, at most, that she would be inconvenienced in the event that the trial lasted longer than anticipated, and there was nothing in the court's response that prevented her from elaborating on this remark.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]). The court's ruling permitted inquiry into only a portion of defendant's criminal history, and minimized inquiry into the violent aspects of that history. The permitted inquiries were relevant to defendant's credibility and tended to show that he placed his own interests above those of society, particularly in the many instances where he violated court orders.

The court properly exercised its discretion in permitting testimony that defendant made threats against the victim and the arresting officer, who was a corroborating witness. These postarrest threats were probative of defendant's consciousness of guilt (*see e.g. People v Reyes*, 162 AD2d 357 [1990], *lv denied* 76 NY2d 896 [1990]), and their probative value outweighed their prejudicial effect. In any event, were we to find any error in this regard, we would find it to be harmless in view of the overwhelming evidence of defendant's guilt.

The court properly exercised its discretion in denying defendant's mistrial motion based on the People's summation. The challenged remarks were made in response to defense arguments, and did not deprive defendant of a fair trial (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). To the extent that any portions of the summation could be viewed as shifting the burden of proof or otherwise improper, the court's curative actions both during the summation and during its jury charge were sufficient to prevent any prejudice. In any event, were we to find any error, we would find it to be harmless in view of the overwhelming evidence of defendant's guilt.

The court properly considered the merits of defendant's CPL 440.10 motion and correctly concluded that his allegations did not warrant a hearing (*see People v Satterfield,* 66 NY2d 796, 799-800 [1985]; *see also* CPL 440.30 [4] [d]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Mazzarelli, Friedman, Gonzalez and Catterson, JJ.