■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL CRUZ, Appellant. [807 NYS2d 763]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered October 24, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that County Court erred in allowing the prosecutor to impeach a prosecution witness with prior statements and the grand jury testimony of that witness. That contention is not preserved for our review (*see People v Marzug*, 280 AD2d 974, 974-975 [2001], *lv denied* 96 NY2d 904 [2001]; *People v Secrest*, 236 AD2d 839, 840 [1997], *lv denied* 90 NY2d 863 [1997]) and, in any event, is lacking in merit. The court properly allowed the People to impeach their own witness because their case was affirmatively damaged by the in-court testimony of that witness that defendant was not the perpetrator of the crime (*see generally People v Saez*, 69 NY2d 802, 804 [1987]; *People v Fitzpatrick*, 40 NY2d 44, 51 [1976]; *People v Brazzeal*, 172 AD2d 757, 759-760 [1991]). Similarly, defendant failed to preserve for our review his contention that the court erred in granting the prosecutor a brief recess in order to confer with a witness (*cf. People v Branch*, 83 NY2d 663, 665-666 [1994]) and, in any event, that contention is without merit (*see generally id.* at 665; *People v Smith*, 240 AD2d 949, 950 [1997]).

Defendant further contends that the verdict is against the weight of the evidence because the principal prosecution witness gave conflicting testimony regarding the crime. Contrary to defendant's contention, the testimony of that prosecution witness was not incredible as a matter of law, and we see no basis to disturb the jury's credibility determination with respect to that witness (*see generally People v Butler*, 2 AD3d 1457 [2003], *lv denied* 3 NY3d 637 [2004]; *People v Coleman*, 278 AD2d 891 [2000], *lv denied* 96 NY2d 798 [2001]). It cannot be said that the jury failed to give the evidence the weight it should be accorded, and we thus conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Hurlbutt, Gorski and Smith, JJ.