■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE WILSON, Appellant. [859 NYS2d 518]—

Kane, J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered November 29, 2005, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

Defendant proceeded to trial on a four-count indictment. During jury selection, a prospective juror sent a letter to County Court stating that he was actively running a business and asked to be exempt from jury duty. When the prospective juror was questioned, he explained that during the first day of jury selection his business had a problem, and his efforts to resolve the

problem caused him to get little sleep that night. The court asked if he could put someone else in charge, to which he replied, "I will try, but it's really difficult." He stated that it would be hard for him to sit on the jury, but it would not be impossible, and indicated that he was not trying to shirk his civic duty. Defense counsel unsuccessfully challenged the juror for cause, then elected to use a peremptory challenge.* Following trial, the jury convicted defendant of all counts. He now appeals.

County Court appropriately exercised its discretion in denying defendant's challenge for cause. A defendant may challenge for cause a prospective juror who "has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]). Slight interference with employment or inconvenience related to sitting on a jury are insufficient grounds to support a challenge for cause (*see People v Ciochenda*, 17 AD3d 248, 248 [2005], *lv denied* 5 NY3d 760 [2005]; *People v Willard*, 226 AD2d 1014, 1017-1018 [1996], *appeal dismissed* 88 NY2d 943 [1996]; *People v Dunkley*, 189 AD2d 776, 777 [1993], *lv denied* 81 NY2d 884 [1993]; *cf. People v Bunch*, 278 AD2d 501, 502 [2000]; *Matter of Robles v Bamberger*, 219 AD2d 243, 246-247 [1996], *appeal dismissed* 88 NY2d 962 [1996], *lv denied* 88 NY2d 809 [1996]; *People v Nocedo*, 161 AD2d 297, 298 [1990]). Moreover, absent an abuse of discretion, an appellate court will not disturb a trial court's determination concerning whether a prospective juror can sit in a particular case (*see People v Busreth*, 35 AD3d 965, 966-967 [2006], *lv denied* 8 NY3d 920 [2007]).

Here, although the juror expressed his inconvenience and inability to run his business efficiently while he was on jury duty, he reassured County Court that he placed a high value on jury service and that he would serve if chosen. Considering that almost every potential juror is inconvenienced by taking a week or more away from one's work or normal routine, and that each has personal concerns which could cause some distraction from a trial, County Court did not abuse its discretion in denying defendant's challenge for cause (*see People v Michael*, 48 NY2d 1, 10 [1979]; *see also Matter of Colcloughley v Johnson*, 115 AD2d 58, 62 [1986], *lv denied* 68 NY2d 604 [1986]).

Mercure, J.P., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.

---

* The People concede that defendant subsequently exhausted his peremptory challenges. Thus, an erroneous denial of a challenge for cause would constitute reversible error (*see* CPL 270.20 [2]).