# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**862**

**KA 08-00826**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

VICTOR L. GILCHRIST, DEFENDANT-APPELLANT.

---

KIMBERLY J. CZAPRANSKI, CONFLICT DEFENDER, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered November 16, 2007.  The judgment convicted defendant, upon a jury verdict, of attempted robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [b]).  The victim testified at trial that defendant entered his store, pointed a sawed-off shotgun at him, and demanded money.  The victim and his friend (hereafter, main prosecution witnesses) struggled with defendant, and defendant eventually fled.  Defendant contends that Supreme Court violated his constitutional right to present a defense, i.e., that he did not attempt to commit a robbery, but rather was involved in "a drug transaction gone bad," by precluding him from cross-examining a police witness concerning drug activity at the store and from calling two witnesses (defense witnesses) to testify concerning drug sales made by the main prosecution witnesses.  We reject that contention.  With respect to the police witness, the court properly determined that the question posed on cross-examination, i.e., whether the store had "been the focus of police attention prior to this date," was beyond the scope of direct examination and was premature because defendant had not presented any evidence that the incident stemmed from a drug transaction.  "It is well settled that '[a]n accused's right to cross-examine witnesses . . . is not absolute,' " and "[t]he scope of cross-examination is within the sound discretion of the trial court" (*People v Hayes*, 17 NY3d 46, 53, *cert denied* ___ US ___, 132 S Ct 844).  In addition, the court advised defendant that he could call the police witness as part of his direct case, but defendant chose not to do so.

With respect to the proposed testimony of the defense witnesses, the court did not err in precluding those witnesses from testifying. " 'Remote acts, disconnected and outside of the crime itself, cannot be separately proved' " (*People v Schulz*, 4 NY3d 521, 529). Defendant testified that he went to the store to purchase drugs, but he did not testify that he had purchased drugs from the main prosecution witnesses either on a prior occasion or on the day of this incident. Instead, he testified that one of the main prosecution witnesses attacked him as soon as that witness saw him enter the store because defendant had allegedly robbed that witness's brother. Because defendant did not testify that this incident was a "drug transaction gone bad," any testimony from the defense witnesses that they previously saw the main prosecution witnesses selling drugs somewhere other than the store was not relevant. In any event, we agree with the People that, even if the court erred in precluding the defense witnesses from testifying, such error is harmless. The evidence against defendant is overwhelming, and there is no reasonable possibility that the error might have contributed to the conviction (*see People v Crimmins*, 36 NY2d 230, 237).

Defendant next contends that the court should have granted his motion to dismiss the jury panel pursuant to the Sixth Amendment of the United States Constitution on the ground that there was systematic exclusion of African-Americans from criminal juries in Monroe County. We reject that contention. "The right to a jury chosen from a fair cross section is . . . protected by the Sixth Amendment guarantee of an impartial jury trial in the context of a petit jury challenge" (*People v Guzman*, 60 NY2d 403, 409 n 3, *cert denied* 466 US 951). "In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process" (*Duren v Missouri*, 439 US 357, 364; *see Guzman*, 60 NY2d at 410). Here, defendant failed to establish a prima facie violation of the "fair-cross-section requirement" because, with respect to the third prong of the test, he failed to submit any facts demonstrating a systematic exclusion of African-Americans from the jury pool (*see People v Figgins*, 48 AD3d 1042, 1043, *lv denied* 10 NY3d 840; *People v Cotton*, 38 AD3d 1189, 1189, *lv denied* 8 NY3d 983).

Finally, defendant failed to preserve for our review his contention that the court failed to conduct the proper three-step analysis when he raised a *Batson* challenge (*see People v Scott*, 81 AD3d 1470, 1471, *lv denied* 17 NY3d 801; *People v Benjamin*, 35 AD3d 1185, 1185-1186, *lv denied* 8 NY3d 919). In any event, his contention is without merit (*see People v Carmack*, 34 AD3d 1299, 1301, *lv denied* 8 NY3d 879). Although defendant contends that the court failed to determine whether defendant made a prima facie showing of discrimination concerning a prospective juror under the first step of the three-step *Batson* analysis, the issue whether defendant made such a showing became moot once the prosecutor provided a race-neutral

reason for exercising the peremptory challenge in connection with that prospective juror (*see People v Hecker*, 15 NY3d 625, 652, *cert denied* ___ US ___, 131 S Ct 2117; *People v Scott*, 31 AD3d 1165, 1165, *lv denied* 7 NY3d 851).

Entered:  September 28, 2012                    Frances E. Cafarell
                                                Clerk of the Court