# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

397

KA 10-01378

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND WHALEN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

EDDIE D. ENNIS, DEFENDANT-APPELLANT.

SETH M. AZRIA, SYRACUSE, FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (WENDY EVANS LEHMANN, NEW YORK PROSECUTORS TRAINING INSTITUTE, INC., ALBANY, OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered May 24, 2010. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree and endangering the welfare of a child (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]) and course of sexual conduct against a child in the second degree (§ 130.80 [1] [b]), defendant contends that he is entitled to a new trial because County Court erred in allowing the victim to testify about an uncharged incident of sexual touching. We reject that contention. The challenged testimony was the result of a question during redirect examination by the prosecutor, who asked the victim where the first incident of sexual touching took place. In response, and over defense counsel's objection, the victim testified that she was first touched by defendant at her grandparents' home. The grandparents did not live in the Village of Clayton, where, according to the indictment, all of the charged offenses occurred. We nevertheless conclude that the testimony in question was admissible "to complete the narrative of [the] events charged in the indictment," and to provide "necessary background information" (*People v Workman*, 56 AD3d 1155, 1156, *lv denied* 12 NY3d 789 [internal quotation marks omitted]; *see People v Justice*, 99 AD3d 1213, 1215, *lv denied* 20 NY3d 1012; *People v Bassett*, 55 AD3d 1434, 1436, *lv denied* 11 NY3d 922). We note that the victim did not testify to any specific acts that were committed by defendant at her grandparents' home. Defendant further contends that the court thereby violated its pretrial ruling, which prohibited the People from

presenting any evidence of sexual contact between defendant and the victim that occurred at the home of the victim's grandparents unless defendant opened the door to such testimony.  Even assuming, arguendo, that defendant's contention is preserved for our review (*see generally People v Shack*, 86 NY2d 529, 541-542), we nevertheless agree with the People that defense counsel opened the door to that limited testimony during his cross-examination of the victim (*see generally People v Massie*, 2 NY3d 179, 183-184; *People v Melendez*, 55 NY2d 445, 451).

We further conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Although there were minor inconsistencies between the victim's trial testimony and her grand jury testimony, those inconsistencies did not render her testimony incredible as a matter of law (*see People v Smith*, 73 AD3d 1469, 1470, *lv denied* 15 NY3d 778).  This case turned largely upon the credibility of the victim and defendant, who also testified at trial, and we perceive no basis in the record for disturbing the jurors' credibility determinations (*see People v Massey*, 61 AD3d 1433, 1433, *lv denied* 13 NY3d 746).

Defendant failed to preserve for our review his contention that he was denied a fair trial based on the testimony of an expert witness with respect to child sexual abuse accommodation syndrome (CSAAS) (*see People v Lawrence*, 81 AD3d 1326, 1327, *lv denied* 17 NY3d 797).  In any event, that contention lacks merit.  It is well settled that "[e]xpert testimony concerning CSAAS is admissible to assist the jury in understanding the unusual conduct of victims of child sexual abuse where, as here, the testimony is general in nature and does 'not attempt to impermissibly prove that the charged crimes occurred' " (*People v Filer*, 97 AD3d 1095, 1096, *lv denied* 19 NY3d 1025, quoting *People v Carroll*, 95 NY2d 375, 387; *see People v Goupil*, 104 AD3d 1215, 1216; *cf. People v Williams*, 20 NY3d 579, 582).

We reject defendant's further contention that the court's evidentiary rulings during the cross-examination of prosecution witnesses impaired his ability to present a defense (*see People v Brown*, 70 AD3d 1341, 1342, *lv denied* 14 NY3d 839).  "[A]n accused's right to cross-examine witnesses . . . is not absolute, and [t]he scope of cross-examination is within the sound discretion of the trial court" (*People v Gilchrist*, 98 AD3d 1232, 1232, *lv denied* 20 NY3d 932 [internal quotation marks omitted]; *see People v Hayes*, 17 NY3d 46, 53, *cert denied* 565 US ___, 132 S Ct 844).  In many of the instances cited by defendant, in which the court sustained objections from the People, the questions posed by defense counsel were either outside the scope of direct examination or were previously asked and answered.  In other instances, after the court sustained objections to questions posed by defense counsel, the questions were rephrased and the witnesses responded without further objection, and thus defendant waived his contention with respect to those instances (*see generally People v Corby*, 6 NY3d 231, 235-236; *Gilchrist*, 98 AD3d at 1232; *People v Gonzalez*, 89 AD3d 1443, 1444-1445, *lv denied* 19 NY3d 973,

*reconsideration denied* 20 NY3d 932). In the remainder of the instances, defense counsel's line of questioning was deficient in an evidentiary sense, i.e., the testimony he sought to elicit lacked a proper foundation or constituted impermissible hearsay (*see generally People v Snyder*, 159 AD2d 935, 935). We therefore conclude that the court's evidentiary rulings were proper and thus that defendant's ability to present a defense was not impaired thereby (*see Brown*, 70 AD3d at 1342).

Defendant failed to preserve for our review his further contention that he was denied a fair trial by prosecutorial misconduct based on comments made by the prosecutor during his opening and closing statements. Defendant either failed to object to the allegedly improper comments (*see People v Gonzalez*, 81 AD3d 1374, 1374; *People v Smith*, 32 AD3d 1291, 1292, *lv denied* 8 NY3d 849), or his objections were sustained without any request for a curative instruction and the court is thus deemed to have corrected any error to defendant's satisfaction (*see People v Peters*, 98 AD3d 587, 589-590, *lv denied* 20 NY3d 934). In any event, we conclude that the comments were not so egregious as to deny defendant a fair trial (*see People v Dizak*, 93 AD3d 1182, 1184, *lv denied* 19 NY3d 972, *reconsideration denied* 20 NY3d 932; *People v Jacobson*, 60 AD3d 1326, 1328, *lv denied* 12 NY3d 916).

Finally, with respect to defendant's contention that he was denied effective assistance of counsel, we note that the constitutional right to effective assistance of counsel "does not guarantee a perfect trial, but assures the defendant a fair trial" (*People v Flores*, 84 NY2d 184, 187). Having examined the record before us, we conclude that "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147), and thus it cannot be said that defendant was deprived of a fair trial.

Entered: June 28, 2013                    Frances E. Cafarell
                                          Clerk of the Court