# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1155**

**KA 11-02183**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RICKIE J. ROBINSON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (James A. W. McLeod, A.J.), rendered August 29, 2011. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the fourth degree (Penal Law §§ 20.00, 155.30 [1]). We reject defendant's contention that the evidence is legally insufficient to establish that he intended to steal the property at issue or that the value of that property was greater than $1,000 (*see generally People v Danielson*, 9 NY3d 342, 349; *People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's further contention, the testimony of an accomplice was adequately corroborated inasmuch as surveillance video footage, as well as the testimony of a store employee and a police officer who responded to the scene " 'tend[ed] to connect the defendant with the commission of the crime in such a way as [could] reasonably satisfy the jury that the accomplice [was] telling the truth' " (*People v Reome*, 15 NY3d 188, 192, quoting *People v Dixon*, 231 NY 111, 116; *see* CPL 60.22 [1]). We conclude that, viewing the evidence in light of the elements of the crime as charged to the jury, the verdict is not against the weight of the evidence (*see Danielson*, 9 NY3d at 349; *see generally Bleakley*, 69 NY2d at 495).

Although we agree with defendant that County Court abused its discretion in refusing to admit in evidence a noncollateral prior inconsistent statement of an accomplice who testified for the prosecution (*see People v Duncan*, 46 NY2d 74, 80, *rearg denied* 46 NY2d 940, *cert denied* 442 US 910), we conclude that the error "is harmless inasmuch as the evidence of defendant's guilt is overwhelming, and

there is no significant probability that defendant otherwise would have been acquitted" (*People v Cartledge*, 50 AD3d 1555, 1555-1556, *lv denied* 10 NY3d 957; *see generally People v Crimmins*, 36 NY2d 230, 241-242).  Likewise, to the extent that the court erred in refusing to admit in evidence a notarized document signed by an accomplice, we conclude that the error is harmless (*see Cartledge*, 50 AD3d at 1555-1556; *see generally Crimmins*, 36 NY2d at 241-242).

Defendant contends that he was deprived of a fair trial by prosecutorial misconduct based on two comments made by the prosecutor on summation.  Defendant's challenge to the first comment is unpreserved for our review inasmuch as defendant's "objection[] w[as] sustained without any request for a curative instruction and the court is thus deemed to have corrected any error to defendant's satisfaction" (*People v Ennis*, 107 AD3d 1617, 1620).  We decline to exercise our power to review defendant's contention with respect to that comment as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Although we agree with defendant that the prosecutor's second comment impermissibly shifted the burden of proof, we conclude that the comment "w[as] not so . . . egregious as to deny defendant a fair trial" (*People v Rogers*, 103 AD3d 1150, 1153-1154, *lv denied* 21 NY3d 946).  Furthermore, "the court clearly and unequivocally instructed the jury that the burden of proof on all issues remained with the prosecution" (*People v Pepe*, 259 AD2d 949, 950, *lv denied* 93 NY2d 1024).

Entered:  November 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court