# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**67**

**KA 12-00213**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

JOSE ACEVEDO, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (LINDA M. CAMPBELL OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered July 19, 2011. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (two counts), robbery in the second degree (two counts) and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of robbery in the first degree (Penal Law § 160.15 [3]). Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence. Although defendant moved at the close of the People's case for a trial order of dismissal, he did not renew the motion at the close of his case (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, we conclude that defendant's contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495). Because the conviction is supported by legally sufficient evidence, the contention of defendant that Supreme Court erred in refusing to dismiss the indictment based upon the alleged insufficiency of the evidence before the grand jury is not reviewable on appeal (*see* CPL 210.30 [6]; *People v Hawkins*, 113 AD3d 1123, 1125, *lv denied* 22 NY3d 1156). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to defendant's contention, the court properly denied his challenge for cause of a prospective juror. Although the prospective juror expressed concern regarding his financial hardship as a result

of his potential jury service, he reassured the court that his employment obligations would not prevent him from being fair and impartial (*see People v Wilson*, 52 AD3d 941, 942, *lv denied* 11 NY3d 743). "Considering that almost every potential juror is inconvenienced by taking a week or more away from one's work or normal routine, and that each has personal concerns which could cause some distraction from a trial, [the court] did not abuse its discretion in denying defendant's challenge for cause" (*id.*).

Defendant contends that the People improperly impeached their own witness by confronting him with his previous statement to the police. Defendant failed to preserve that contention for our review inasmuch as he did not object to the People's line of questioning at trial (*see People v Cruz*, 23 AD3d 1109, 1110, *lv denied* 6 NY3d 811), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's contention that the court erred in failing to strike the testimony of the People's expert forensic examiner. Although the expert could not determine if the blood found on the knife in defendant's possession was human blood, her testimony was still probative on the issue whether defendant was involved, either as a principal or as an accomplice, in the robbery. "The trial court is granted broad discretion in making evidentiary rulings in connection with the preclusion or admission of testimony and such rulings should not be disturbed absent an abuse of discretion[,]" and we discern no abuse of discretion here (*People v Almonor*, 93 NY2d 571, 583).

Finally, we reject defendant's contention that his sentence is unduly harsh and severe.

Entered:  February 11, 2016                    Frances E. Cafarell
                                               Clerk of the Court