People v Hall (2019 NY Slip Op 00745)





People v Hall


2019 NY Slip Op 00745


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


1079 KA 16-00044

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
QUINNTEZ J. HALL, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, DAVISON LAW OFFICE PLLC (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered October 21, 2015. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]), arising from two sales of cocaine to a confidential informant. Contrary to defendant's contention, County Court properly denied his motion to dismiss the indictment based on an alleged violation of his right to testify before the grand jury. "Pursuant to CPL 190.50 (5) (a), a defendant has a right to be a witness in a grand jury proceeding . . . if, prior to the filing of any indictment . . . in the matter, he serves upon the district attorney of the county a written notice making such request. In order to preserve [that] right[ ] . . . , a defendant must assert [it] at the time and in the manner that the Legislature prescribes . . . The requirements of CPL 190.50 are to be strictly enforced" (People v Kirk, 96 AD3d 1354, 1358-1359 [4th Dept 2012], lv denied 20 NY3d 1012 [2013] [internal quotation marks omitted]; see People v Wilkerson, 140 AD3d 1297, 1299 [3d Dept 2016], lv denied 28 NY3d 938 [2016]; People v Anderson, 192 AD2d 714, 714 [2d Dept 1993]). Here, even assuming, arguendo, that the email sent by the office of defense counsel to the District Attorney was a writing served in compliance with the statute, we conclude that it does not contain the requisite notice of defendant's intent to testify before the grand jury. Thus, the record does not establish that defendant complied with the strict requirements of CPL 190.50 (see People v Clay, 248 AD2d 180, 180 [1st Dept 1998], lv denied 92 NY2d 849 [1998]; see also People v Perez, 67 AD3d 1324, 1325 [4th Dept 2009], lv denied 13 NY3d 941 [2010]). Defendant's further contention that he was deprived of effective assistance of counsel due to defense counsel's failure to effectuate his intent to testify before the grand jury lacks merit. The Court of Appeals "has repeatedly and consistently held that—even when it is due to attorney error—a [d]efense counsel's failure to timely facilitate defendant's intention to testify before the [g]rand [j]ury does not, per se, amount to a denial of effective assistance of counsel' " (People v Hogan, 26 NY3d 779, 787 [2016]; see Perez, 67 AD3d at 1325).
We reject defendant's contention that the court erred in denying his challenges for cause to three prospective jurors. In all three instances, the statements made by the prospective jurors did not indicate that they "possessed a state of mind that [was] likely to preclude [them] from rendering an impartial verdict' " (People v Brown, 26 AD3d 885, 886 [4th Dept 2006], lv denied 6 NY3d 846 [2006]), or that they had "any doubt concerning [their] ability to be fair and [*2]impartial" (People v Odum, 67 AD3d 1465, 1465 [4th Dept 2009], lv denied 14 NY3d 804 [2010], reconsideration denied 15 NY3d 755 [2010], cert denied 562 US 931 [2010]; see People v DeFreitas, 116 AD3d 1078, 1080 [3d Dept 2014], lv denied 24 NY3d 960 [2014]; People v Semper, 276 AD2d 263, 263 [1st Dept 2000], lv denied 96 NY2d 738 [2001]). Consequently, we agree with the People that "the court was not required to seek an assurance that [the prospective jurors] could decide the case impartially" (People v Ciochenda, 17 AD3d 248, 249 [1st Dept 2005], lv denied 5 NY3d 760 [2005]).
Defendant failed to preserve for our review his contention that the prosecutor committed misconduct during cross-examination. In any event, the prosecutor did not err "during cross[-]examination by using a prior inconsistent statement to impeach . . . defendant's credibility" (People v Aponte, 28 AD3d 672, 672 [2d Dept 2006], lv denied 7 NY3d 785 [2006]). Although defendant preserved his contention that the prosecutor also committed misconduct by confronting him with his entire criminal record in violation of the court's Sandoval ruling, we reject that contention. During his direct examination, defendant could not recall whether he was convicted of six of the seven crimes on which the court ruled he could be questioned. "Where, as here, a defendant's testimony conflicts with evidence precluded by a Sandoval ruling, the defense "opens the door" on the issue in question, and the [defendant] is properly subject to impeachment by the prosecution's use of the otherwise precluded evidence' " (People v Lyon, 77 AD3d 1338, 1338 [4th Dept 2010], lv denied 15 NY3d 954 [2010], quoting People v Fardan, 82 NY2d 638, 646 [1993]; see People v Rodriguez, 85 NY2d 586, 591 [1995]).
Defendant further contends that the court abused its discretion in precluding him from calling a jail deputy to testify that a screening test given three days after the arrest revealed the presence of drug metabolites in his blood. It is well settled that " [r]emote acts, disconnected and outside of the crime itself, cannot be separately proved' " (People v Schulz, 4 NY3d 521, 529 [2005]). Here, we conclude that, absent any expert testimony connecting the presence of metabolites to defendant's mental state on the day of the incident and arrest, the court did not abuse its discretion in precluding the witness from testifying (see generally People v Gilchrist, 98 AD3d 1232, 1233 [4th Dept 2012], lv denied 20 NY3d 932 [2012]).
We also reject defendant's contention that the court erred in denying his request for a missing witness charge concerning the confidential informant to whom defendant sold the drugs. Although the witness had material information concerning the transactions and would be expected to give noncumulative testimony favorable to the People, defendant was still required to establish that the witness was available to the People (see generally People v Durant, 26 NY3d 341, 347-348 [2015]; People v Hall, 18 NY3d 122, 131 [2011]).
" Availability' is often a question of degree. At one extreme a witness is unavailable if dead, missing or incapacitated. At the other extreme, a witness who is at hand, ready, willing and able to testify, is most obviously available. Difficult cases fall somewhere in between, and trial courts must examine claims of unavailability to determine their merit" (People v Savinon, 100 NY2d 192, 198 [2003]). Here, the witness had been subpoenaed and had been available and cooperative with the People until a few days before the trial, when he stopped responding to the officer responsible for communicating with him. A thorough investigation that continued throughout the early parts of the trial established that the witness had relocated to Arkansas without notifying the police. Consequently, "[e]ven if the witness had initially been available to the People and within their control, that situation had changed by the time of trial as the result of the witness's behavior, and there was no basis for the jury to draw any adverse inference against the People from their inability to bring him to court" (People v Mobley, 77 AD3d 488, 489 [1st Dept 2010], lv denied 15 NY3d 954 [2010]; see also People v Skaar, 225 AD2d 824, 824-825 [3d Dept 1996], lv denied 88 NY2d 854 [1996]).
Contrary to defendant's further contention, his conviction of counts one and three of the indictment, i.e., the criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree counts alleged to have occurred on January 24, 2015, is supported by legally sufficient evidence. "It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [jury] on the basis of the evidence at trial, viewed in the light most favorable to the People" (People v Hines, 97 NY2d 56, 62 [2001], rearg denied 97 NY2d 678 [2001] [internal quotation marks omitted]; see generally People v Bleakley, 69 NY2d 490, 495 [*3][1987]). Viewed in that light, we conclude that the "trial evidence, although largely circumstantial, could lead a rational person to conclude that defendant was the individual who arranged [and committed] the drug sales" (People v Beard, 100 AD3d 1508, 1509 [4th Dept 2012]; see People v Smith, 168 AD2d 205, 205 [1st Dept 1990], lv denied 78 NY2d 957 [1991]; see generally Bleakley, 69 NY2d at 495).
The sentence is not unduly harsh or severe.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court