People v Ozkaynak (2022 NY Slip Op 01700)





People v Ozkaynak


2022 NY Slip Op 01700


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, AND BANNISTER, JJ.


1053 KA 18-00389

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AYKUT OZKAYNAK, DEFENDANT-APPELLANT. 






DANIELLE C. WILD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered January 11, 2018. The judgment convicted defendant upon a jury verdict of murder in the second degree and tampering with physical evidence. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Livingston County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and tampering with physical evidence (§ 215.40 [2]), defendant contends, inter alia, that the verdict is against the weight of the evidence and that County Court erred in refusing to suppress certain cell site location information (CSLI) on the ground that he lacked standing to challenge a search warrant issued for that information.
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that he has standing to challenge the CSLI search warrant. At the time of the court's decision, controlling caselaw in this Department held that the acquisition of CSLI was not a search under the State or Federal Constitution because a defendant's use of a phone "constituted a voluntary disclosure of his [or her] general location to [the] service provider, and a person does not have a reasonable expectation of privacy in information voluntarily disclosed to third parties" (People v Jiles, 158 AD3d 75, 79-80 [4th Dept 2017], lv denied 31 NY3d 1149 [2018]). Following defendant's conviction, the United States Supreme Court decided Carpenter v United States (— US &mdash, 138 S Ct 2206, 2217 [2018]), which held that "an individual maintains a legitimate expectation of privacy in the record of his [or her] physical movements as captured through CSLI" (see People v Lively, 163 AD3d 1466, 1467 [4th Dept 2018], lv denied 32 NY3d 1065 [2018]). As a result of the Carpenter decision, defendant is entitled to a determination on the merits regarding his challenges to the CSLI search warrant.
On appeal, the People contend that the warrant was supported by probable cause and, for the first time, that defendant failed to establish his individual standing to challenge the CSLI search warrant because he did not assert ownership or possession of the cell phone in question. We lack the jurisdiction to review the People's contentions because the court failed to address their merits and thus did not decide the issues adversely to defendant (see CPL 470.15 [1]; People v Concepcion, 17 NY3d 192, 197-198 [2011]; People v LaFontaine, 92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999]).
In addition, we cannot conclude that the court's error in refusing to suppress the CSLI information on the basis of lack of standing is harmless beyond a reasonable doubt (see generally People v Crimmins, 36 NY2d 230, 237 [1975]). We therefore hold the case, reserve decision, [*2]and remit the matter to County Court to determine whether the CSLI warrant was supported by probable cause, which was the only ground asserted by the People in opposition to defendant's motion.
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court