People v Ozkaynak (2023 NY Slip Op 03110)

People v Ozkaynak

2023 NY Slip Op 03110

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, AND MONTOUR, JJ.

195 KA 18-00389

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AYKUT OZKAYNAK, DEFENDANT-APPELLANT. 

DANIELLE C. WILD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered January 11, 2018. The appeal was held by this Court by order entered March 11, 2022, decision was reserved and the matter was remitted to Livingston County Court for further proceedings (203 AD3d 1616 [4th Dept 2022]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and tampering with physical evidence (§ 215.40 [2]). We previously rejected defendant's contention challenging the weight of the evidence, and we held this case, reserved decision and remitted the matter to County Court to determine whether the warrant authorizing law enforcement officials to obtain, inter alia, cellular site location information (CSLI) from defendant's cellular service provider was supported by probable cause (People v Ozkaynak, 203 AD3d 1616, 1616-1617 [4th Dept 2022]). Upon remittal, the court determined that there was sufficient information in the warrant application to support a reasonable belief that evidence of a crime would be contained in defendant's cellular telephone records. We now address the remaining issues left unresolved on the prior appeal.
We reject defendant's contention that the search warrants authorizing searches for a motel room, electronic devices seized from that motel room and the contents of his cellular phone, including CSLI, were not supported by probable cause. It is well settled that " 'a search warrant may be issued only upon a showing of probable cause to believe that a crime has occurred, is occurring, or is about to occur . . . , and where there is sufficient evidence from which to form a reasonable belief that evidence of the crime may be found inside the location sought to be searched' " (People v McLaughlin, 193 AD3d 1338, 1339 [4th Dept 2021], lv denied 37 NY3d 973 [2021]; see People v Hightower, 207 AD3d 1199, 1200 [4th Dept 2022], lv denied 38 NY3d 1188 [2022]).
"Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place" (People v Bigelow, 66 NY2d 417, 423 [1985]; see People v Wright, 210 AD3d 1486, 1491 [4th Dept 2022]; People v Griswold, 155 AD3d 1658, 1659 [4th Dept 2017], lv denied 31 NY3d 984 [2018]). "Affording great deference to the determination of the issuing Magistrate and reviewing the application in a common-sense and realistic fashion" (People v Humphrey, 202 AD3d 1451, 1451 [4th Dept 2022], lv denied 38 NY3d 951 [2022] [internal quotation marks omitted]; see generally People v Johnson, 66 NY2d 398, 406 [1985]), we conclude that the information contained in the search warrant applications provided a reasonable belief that information from the motel room, electronic devices and cellular phones would connect defendant to the murder of the victim or, at the very least, would connect him to locations where physical evidence had been tampered with, i.e., the removal and subsequent burning of the victim's body in a fire pit located [*2]some distance away from the victim's residence.
Contrary to defendant's further contention, the search warrants with limited 
exception were not overly broad. Although defendant failed to preserve that contention with respect to the data to be obtained from the electronic devices and cellular phones (see People v Williams, 127 AD3d 612, 612 [1st Dept 2015], lv denied 27 NY3d 1009 [2016]; see generally People v Samuel, 137 AD3d 1691, 1693 [4th Dept 2016]), we nevertheless exercise our power to address that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We agree with defendant that, to the extent that the warrant for the six cellular phones and laptop computers permitted the seizure of "all data and graphic files," it was overly broad (see People v Thompson, 178 AD3d 457, 458 [1st Dept 2019]). We can, however, sever the overbroad portion of the warrant "because the warrant was largely specific and based on probable cause" (People v Brown, 96 NY2d 80, 88 [2001]; see People v Couser, 303 AD2d 981, 982 [4th Dept 2003]). The remaining directives in that warrant, which limit the search and seizure to items pertaining to the death of the victim and concealment of that crime, 
are appropriately specific and particularized (see Brown, 96 NY2d at 88; see generally People v Bush, 189 AD3d 643, 644 [1st Dept 2020]), and the search conducted by the police did not exceed those remaining directives (see Brown, 96 NY2d at 89).
With respect to defendant's last challenge to the warrants, we conclude that the description of the CSLI and the items to be recovered from the motel room "was not broader than was justified by the probable cause upon which the warrants were based" (People v Crupi, 172 AD3d 898, 899 [2d Dept 2019], lv denied 34 NY3d 950 [2019], cert denied — US &mdash, 140 S Ct 2815 [2020]; see People v Socciarelli, 203 AD3d 1556, 1558 [4th Dept 2022], lv denied 38 NY3d 1035 [2022]; cf. People v Carter, 31 AD3d 1167, 1169 [4th Dept 2006]).
Contrary to defendant's contention, the court properly denied his challenge for cause of a prospective juror. That contention is properly before us inasmuch as defendant used a peremptory challenge on that juror and thereafter exhausted his peremptory challenges (see CPL 270.20 [2]; People v Culhane, 33 NY2d 90, 97 [1973]; People v Hargis, 151 AD3d 1946, 1948 [4th Dept 2017]). Although the prospective juror expressed concern whether she would be preoccupied with work-related issues, she never stated that her preoccupation with work would affect her ability to be fair and impartial (see People v Wilson, 52 AD3d 941, 942 [3d Dept 2008], lv denied 11 NY3d 743 [2008]; see also People v Acevedo, 136 AD3d 1386, 1387 [4th Dept 2016], lv denied 27 NY3d 1127 [2016]). "[D]ismissal is not warranted unless the juror indicates that [they] would be distracted or preoccupied to the extent that it would preclude [them] from deliberating in a fair and impartial manner" (People v DeFreitas, 116 AD3d 1078, 1080 [3d Dept 2014], lv denied 24 NY3d 960 [2014]). "Considering that almost every potential juror is inconvenienced by taking a week or more away from one's work or normal routine, and that each has personal concerns which could cause some distraction from a trial," we conclude that the court "did not abuse its discretion in denying defendant's challenge for cause" (Wilson, 52 AD3d at 942; see Acevedo, 136 AD3d at 1387).
Defendant further contends that his "purported admission" to a fellow inmate should have been suppressed because that inmate was acting as an agent of the prosecution and thus violated defendant's right to counsel when he solicited the statements from defendant. We reject that contention. Although there was an existing agreement between the inmate and the federal government, the evidence at the suppression hearing establishes that the inmate was working independently of the prosecution. Where, as here, "an informer works independently of the prosecution, provides information on [their] own initiative, and the government's role is limited to the passive receipt of such information, the informer is not, as a matter of law, an agent of the government" (People v Cardona, 41 NY2d 333, 335 [1977] [emphasis added]; see People v Davis, 38 AD3d 1170, 1171 [4th Dept 2007], lv denied 9 NY3d 842 [2007], cert denied 552 US 1065 [2007]). Moreover, "[m]ore than a cooperation agreement is required to make an informant a government agent with regard to a particular defendant" (United States v Whitten, 610 F3d 168, 193 [2d Cir 2010] [emphasis added]; see United States v Birbal, 113 F3d 342, 346 [2d Cir 1997], cert denied 522 US 976 [1997]). Rather, "[a]n informant becomes a government agent vis-a-vis a defendant when the informant is 'instructed by the police to get information about the particular defendant' " (Whitten, 610 F3d at 193; see Birbal, 113 F3d at 346), and there was no such instruction here.
Based on our determination, we reject defendant's additional contention that he was denied effective assistance of counsel when defense counsel did not seek to reopen the suppression hearing after the inmate testified at trial that he repeatedly asked questions of defendant (see generally People v Caban, 5 NY3d 143, 152 [2005]). Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they do not warrant reversal or modification of the judgment.
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court