THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT
R. ASHTON, Respondent.

Third Department, July 25, 1991

APPEARANCES OF COUNSEL

*Sol Greenberg, District Attorney (Paul A. Clyne* of counsel), for appellant.

*Feit & Schlenker (Dennis Schlenker* of counsel), for respondent.

OPINION OF THE COURT

MERCURE, J.

Defendant was indicted for criminal possession of marihuana in the first degree as a result of a search of his warehouse in the City of Cohoes, Albany County, pursuant to a warrant. To secure issuance of the warrant, State Police Investigator Matthew Probst, an experienced narcotics officer, recited in an affidavit that he had received the following information. According to a police officer in Hawaii, defendant was cultivating a marihuana farm at the time of his 1986 arrest there on drug charges. A concerned neighbor had observed defendant and other males on a daily basis carry packages into the warehouse, stay for various periods of time and then leave carrying packages. This individual also saw several men unload a large quantity of insulation which was used to cover the windows and doors of the building from within; when this individual asked defendant what he was doing in the building, he was advised that it was "none of [his] business". Water consumption for a four-month period at the warehouse was approximately 3,000 gallons; and electric bills during the same interval ranged from $558 to $1,059 per month. The warrant application affidavit also stated that a confidential informant told the officer that he had been purchasing large quantities of marihuana from defendant for several years, but was unable to do so at the time of the search warrant application because he was known to be an informant. Finally, the affidavit stated that a police detective had received information from a second confidential informant that several yards of dirt were delivered to the warehouse approximately one year before the search warrant application was made.

County Court granted defendant's motion to suppress the contraband found in the warehouse, concluding that neither the reliability nor basis of knowledge of the confidential informants was established. County Court determined that the

remaining allegedly suspicious activities were consistent with normal commercial activity and, thus, there was no probable cause for issuance of the warrant. The People appeal.

▮ There should be a reversal. In considering the adequacy of the allegations in Probst's affidavit, County Court and the dissent have incorrectly employed the sort of "piecemeal" approach rejected in *United States v Sumpter* (669 F2d 1215, 1218), isolating and defeating each discrete component without a view to the others. To the contrary, "[t]he determination of whether or not probable cause exists to issue a search warrant is to be 'based upon a common-sense reading of the entire affidavit' " *(supra,* at 1218, quoting *Spinelli v United States,* 393 US 410, 415). Significantly, the affidavit in support of the warrant did not rest entirely on an informant's tip, nor was the informant's tip essential to a finding of probable cause *(see, United States v Sumpter, supra,* at 1219; *cf., Aguilar v Texas,* 378 US 108; *People v Griminger,* 71 NY2d 635). The fact that information received from an informant cannot be validated by application of the two-pronged *Aguilar-Spinelli* test does not mean that it must be ignored. Rather, "the tip, even though not qualifying under *Aguilar,* may be used to give such additional color as is needed to elevate the [remaining information] above the floor required for probable cause" *(United States v Canieso,* 470 F2d 1224, 1231; *see, Spinelli v United States, supra,* at 418; *United States v Sumpter, supra,* at 1220).*

▮ Viewed in its entirety, Probst's affidavit made a persuasive showing that (1) defendant had in the recent past been a grower and trafficker of large quantities of marihuana, (2) defendant had an interest in and regularly frequented a commercial property where no apparent legitimate business was being pursued, (3) at least one and sometimes two males entered the premises on a daily basis, staying for approximately 1½ to 2 hours, and had been observed carrying packages in and out of the building, (4) efforts had been made to hide the true nature of the activity carried on in the building, and (5) other factors were present, including unusually high

* We are well aware of the Court of Appeals' rejection of the "totality of circumstances" approach in *People v Griminger (supra).* That standard is neither relied upon nor considered here. Rather, we have merely adopted the reasoning of the Supreme Court in *Spinelli v United States (supra,* at 418) that a tip "not sufficient to provide [a] basis for a finding of probable cause" may nonetheless "properly have counted in the magistrate's determination" with "some further support".

water and electricity consumption and the presence of large quantities of soil and insulating materials in the building, which pointed to the use of the property as a marihuana "factory". Tested in a "commonsense and realistic fashion" *(United States v Ventresca,* 380 US 102, 108), these factors made it " 'more probable than not' " that illegal drug activity was being conducted at defendant's warehouse *(People v Mercado,* 68 NY2d 874, 877, *cert denied* 479 US 1095, quoting *People v Carrasquillo,* 54 NY2d 248, 254; *see, People v Mosiurchak,* 157 AD2d 1023, 1025, *lv denied* 75 NY2d 968).

YESAWICH, JR., J. (dissenting). We respectfully dissent.

Examination of the search warrant application in this case makes clear that it was based on the hearsay statements of two informants as well as other information which was susceptible of culpable as well as innocuous interpretation and would not, therefore, constitute probable cause *(see, People v Davis,* 36 NY2d 280, 282, *cert denied* 423 US 876; *People v Ocasio,* 119 AD2d 21, 26).

When hearsay information is used, it must be shown to be from a credible source having first-hand knowledge *(People v Griminger,* 71 NY2d 635, 639). The individual supplying the information must therefore be reliable and the basis of his knowledge made clear *(People v Johnson,* 66 NY2d 398, 403). Here, one of the informants was conclusively represented to be "of proven reliability", yet there was no indication that he had provided accurate information in the past *(see, People v Rodriguez,* 52 NY2d 483, 489) or had otherwise demonstrated his trustworthiness. The search warrant application was also deficient as to the other informant, who it was asserted had previously produced useful information *(see, People v Sharpe,* 157 AD2d 808, 809). This hearsay information, which refers to marihuana purchases made at some undisclosed time, months or possibly even years earlier, is exceedingly vague *(see, People v Rodriguez, supra,* at 491; *see also, People v Bigelow,* 66 NY2d 417, 424; *People v Elwell,* 50 NY2d 231, 239); not only are factual details of these alleged purchases completely lacking, but the purchases are not closely enough related in time to when the warrant was issued to support a finding of probable cause *(see, People v Padilla,* 132 AD2d 578). And, the warrant application was further undermined by one of the confidential informant's admission that, although he had apparently attempted to do so, he had been unable, again for some undisclosed period of time, to persuade defendant to sell him marihuana.

While the remaining evidence provided to the court issuing the warrant does not suffer from any infirmity, it does not reach the quantum of probable cause necessary to sustain a search warrant; consequently, we believe suppression is required. That defendant used seemingly large amounts of water and electricity in his commercial building, insulated doors and windows, told a neighbor to mind his own business, and carried packages in and out of the warehouse does not make it more probable than not that defendant was cultivating a marihuana farm *(compare, People v Mosiurchak,* 157 AD2d 1023-1025, *lv denied* 75 NY2d 968). As previously observed, these activities were "innocuous and as consistent with innocence as with criminal activity" *(People v Hansen,* 38 NY2d 17, 20). To the extent that the majority appears to rely upon a "totality of circumstances" approach *(see, Illinois v Gates,* 462 US 213) to sustain the warrant, we note that this standard was categorically rejected in *People v Griminger* (71 NY2d 635, 639, *supra).* In sum, the motion to suppress was properly granted.

MIKOLL, J. P., and LEVINE, J., concur with MERCURE, J.; YESAWICH, JR., and CREW III, JJ., dissent in an opinion by YESAWICH, JR., J.

Ordered that the order is reversed, on the law and the facts, motion denied and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this court's decision.