■ The People of the State of New York, Respondent, v Clarence Philbert, Appellant. [700 NYS2d 243] —Graffeo, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered September 11, 1998 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the second degree.

Defendant was arrested after officers from the Albany County Sheriff's Narcotics Unit observed defendant discard a white plastic bag in a trash receptacle at a bus station in the City of Albany. The contents of the bag were subsequently found to contain an orange juice carton holding over two ounces of crack cocaine. Defendant's first trial ended in a hung jury, but at the conclusion of his second trial defendant was found guilty of criminal possession of a controlled substance in the second degree. He was sentenced as a second felony offender to an indeterminate sentence of imprisonment of 10 years to life.

Defendant appeals, initially contending that he was denied the effective assistance of counsel because the Public Defender

assigned to his case failed to object during the trial to the admission of cocaine into evidence and did not cross-examine the prosecutor's forensic expert. We disagree. To establish ineffective assistance of counsel, a defendant must show that his or her attorney's trial tactics had no legitimate explanation (*see, People v Rivera*, 71 NY2d 705, 709) and that he or she received less than meaningful representation, which compromised the right to a fair trial (*see, People v Benevento*, 91 NY2d 708, 713). A difference of opinion with respect to strategies or trial tactics, particularly with the benefit of hindsight, is not sufficient to demonstrate ineffectiveness of counsel (*see, id.*, at 713; *People v Rivera, supra*, at 708-709; *People v Aiken*, 45 NY2d 394, 399).

Here, the record discloses that prior to trial defendant's counsel unsuccessfully attempted to suppress the evidence and, thereafter, he proffered a theory to the jury that the bag recovered by the police from the trash did not belong to defendant. Moreover, there is no indication that there were any procedural deficiencies with respect to the admission of the evidence. Based on the totality of the circumstances, we conclude that defendant's attorney, having actively participated in the trial and having a legitimate basis for his strategies, provided meaningful representation to defendant (*see, People v Murphy*, 235 AD2d 933, 937-938, *lv denied* 90 NY2d 896).

Defendant's next argument, that the term of imprisonment imposed was harsh and excessive, is also unavailing. The sentence he received was within the statutory guidelines and he was sentenced as a second felony offender as this offense was his fourth drug-related felony conviction. In the absence of extraordinary circumstances or abuse of discretion by Supreme Court, we find no reason to disturb the sentence (*see, People v Wright*, 214 AD2d 759, 762, *lv denied* 86 NY2d 805).

Defendant further asserts that he was deprived of his statutory right to testify before the Grand Jury because he was not notified of the proceedings. The record reveals that when defendant was timely notified by the Public Defender's office of the Grand Jury proceeding scheduled for November 1997, he unequivocally indicated that he did not wish to testify. Although no testimony was heard by the Grand Jury until January 1998, defendant's attorney was duly notified of the date in accordance with CPL 190.50 (5) (a) and defendant failed to contact his attorney between November 1997 and January 1998. Under these circumstances, defendant's right to testify before the Grand Jury was not violated (*see, People v Moore*, 249 AD2d 575, *lv denied* 92 NY2d 857; *People v Ward*, 234 AD2d 723, *lv denied* 89 NY2d 1042).

Lastly, we conclude that County Court properly refused to suppress the evidence found pursuant to the search of the trash can in which defendant abandoned the bag containing cocaine. Defendant clearly did not establish that he had a "legitimate expectation of privacy" once he disposed of the bag in a trash receptacle at a public place and, therefore, he had no standing to challenge the admission of the evidence (*see, People v Ramirez-Portoreal*, 88 NY2d 99, 112-113; *see also, People v Mora*, 259 AD2d 562).

We have considered defendant's remaining contentions and find them to be lacking in merit.

Crew III, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.