■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE YAPOR, Appellant. [764 NYS2d 261] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered March 19, 1999, convicting defendant, after a jury trial, of manslaughter in the first degree, criminal possession of a weapon in the second degree and reckless endangerment in the first degree, and sentencing him to concurrent terms of 12½ to 25 years, 7½ to 15 years and 2⅓ to 7 years, respectively, unanimously affirmed.

The evidentiary rulings challenged by defendant constituted appropriate exercises of discretion. When defendant elicited character testimony, the court properly permitted the People to ask the witness about defendant having been terminated from a job as a result of violent behavior, since the People made a suitable showing of "some reasonable basis for believing the truth" of the matter inquired about (*see People v Alamo,* 23 NY2d 630, 633 [1969], *cert denied* 396 US 879 [1969]). The court's limiting instructions made it unnecessary for defendant to introduce evidence explaining his termination. The court properly admitted evidence of the arrest of defendant's wife as explanatory background information to complete the narrative, especially with regard to testimony that when defendant surrendered to the police he mistakenly believed his wife had been arrested for the instant homicide (*see People v Till,* 87 NY2d 835 [1995]). The court properly admitted evidence of a prior incident in which defendant threatened a group that included the deceased, since this uncharged crime was relevant to motive and intent, and provided background information necessary to explain the relationship between defendant and the deceased (*see People v Mehmeti,* 279 AD2d 420 [2001], *lv denied* 96 NY2d 832 [2001]).

Viewing the record of the sentencing proceeding as a whole, we conclude that defendant received effective assistance of counsel (*see People v Benevento,* 91 NY2d 708 [1998]).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Ellerin, J.P., Williams, Lerner, Friedman and Gonzalez, JJ.