■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYANT PATTERSON, Appellant. [838 NYS2d 505]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered February 25, 2005, convicting defendant, after a jury trial, of assault in the first degree (six counts), assault in the second degree (two counts), gang assault in the first degree (four counts), criminal possession of a weapon in the second and third degrees (two counts each), and reckless endangerment in the first degree, and sentencing him to an aggregate term of 25 years, unanimously affirmed.

The verdict was supported by sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). Although no witness could identify defendant as firing shots, the evidence established that defendant was one of the persons doing so, and it refuted defendant's claim that only the codefendant fired at the victims. Three impartial eyewitnesses described someone who resembled defendant, but not his codefendant, as one of the assailants. In addition, defendant made a statement to the police admitting that he fired what he claimed to be a warning shot. The eyewitness testimony, taken together with defendant's statement, provided strong circumstantial proof of defendant's guilt.

The court properly exercised its discretion in receiving evidence that defendant shot one of the victims six months before the incident at issue. This evidence was properly admitted to show defendant's intent, which his statement had placed at issue (*see People v Ingram*, 71 NY2d 474, 479 [1988]; *People v Alvino*, 71 NY2d 233, 245-247 [1987]; *see also People v Yapor*, 308 AD2d 361 [2003], *lv denied* 1 NY3d 583 [2003]). Evidence of prior harm to the same victim "evince[d] defendant's intent to focus his aggression" on that victim (*People v Bierenbaum*, 301 AD2d 119, 150 [2002], *lv denied* 99 NY2d 626 [2003], *cert denied* 540 US 821 [2003]), and tended to refute the version of the incident contained in defendant's statement. The probative value of this evidence outweighed its prejudicial effect, which the court minimized by way of limiting instructions.

We perceive no basis for reducing the sentence. Concur—Sullivan, J.P., Nardelli, Buckley, Catterson and Kavanagh, JJ.