■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON L. HARRIS, Appellant. [920 NYS2d 850]—

Spain, J.P. Appeal from a judgment of the County Court of

Chemung County (Hayden, J.), rendered February 27, 2009, convicting defendant upon his plea of guilty of the crimes of criminal possession of marihuana in the first degree and criminal possession of a weapon in the third degree (two counts).

Upon execution of a search warrant, the police discovered two loaded handguns and 13 pounds of marihuana in a safe in defendant's apartment. After unsuccessfully moving to suppress these items, defendant pleaded guilty, reserving his right to challenge the suppression ruling on appeal. Defendant was sentenced to six years in prison and three years of postrelease supervision for the marihuana charge and 3 to 6 years in prison for each of the weapons charges, with all terms to run concurrently. Defendant appeals, and we affirm.

We find no merit to defendant's contention that the search warrant for his apartment was not supported by probable cause. After an investigation of defendant had begun in August 2006 for the sale of large quantities of marihuana, the City of Elmira Police Department received a telephone call in July 2007 from a local credit union alleging that defendant had exchanged over $5,000 in small bills, reeking of marihuana, for larger bills. The police then approached a confidential informant living near defendant who agreed to notify the police if defendant was observed taking out his trash. In April and May 2008, acting on tips from the informant, the police obtained trash allegedly discarded by defendant on three separate occasions. A search of the trash revealed mail addressed to defendant at his address, cocaine residue, particles of marihuana, and knotted baggies commonly used in packaging narcotics.

Initially, we reject defendant's challenge to the admissibility of the evidence found in his trash. To mount such a challenge, a defendant must first have standing, which entails a legitimate expectation of privacy in the place where the evidence was found, and it is settled law that one has no reasonable, objective expectation of privacy in trash that he or she left in a public space for removal by a third party (*see People v Ramirez-Portoreal*, 88 NY2d 99, 112-113 [1996]; *People v Philbert*, 267 AD2d 607, 609 [1999], *lv denied* 94 NY2d 905 [2000]). We decline defendant's invitation to find a distinction here because defendant threw his trash into a closed dumpster at a private apartment complex and because the dumpster was under the control of a private waste management company, rather than leaving it along a public street and under the control of the public department of sanitation. The Court of Appeals has held that it would be unreasonable to presume that a bag left in the trash where others have access to it "would remain undisturbed or

undiscovered out of respect for the privacy of the person who put it there" (*People v Ramirez-Portoreal*, 88 NY2d at 113). County Court properly found this rationale equally applicable to trash left in a dumpster in the parking lot of defendant's apartment complex, where residents of 138 units in 10 buildings shared five communal dumpsters, as it is to trash left at a curb along a public street. Abandonment is a question of intent and trash disposed of in a communal place where others can access it with the understanding that it will be removed by a third party is deemed to be abandoned (*see United States v Minker*, 312 F2d 632, 634 [3d Cir 1962], *cert denied* 372 US 953 [1963]; *see also California v Rooney*, 483 US 307, 325-326 [1987, White, J., dissenting]). Accordingly, defendant lacks standing to challenge on due process and Fourth Amendment grounds the seizure of his trash (*see People v Philbert*, 267 AD2d at 609; *Matter of Devon H.*, 225 AD2d 135, 140 [1996]).

Given our conclusion that the evidence of a periodic drug possession found in defendant's trash was legally obtained, we find that the warrant was supported by probable cause. A search warrant application does not require proof " 'sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place' " (*People v Fenger*, 68 AD3d 1441, 1442 [2009], quoting *People v Bigelow*, 66 NY2d 417, 423 [1985]). Here, the application was supported by the affidavit of a police officer who participated in the ongoing investigation of defendant, seized defendant's marihuana-scented deposit at the credit union, contacted the confidential informant and personally seized and searched the bags of trash which yielded evidence of identification, drug possession and sale. Defendant argues that because the police did not seek the warrant for over a year after learning of the money deposited at defendant's credit union, that evidence became stale and cannot be relied upon to support the warrant. However, "the warrant herein was primarily justified by the existence of more recent facts" revealing ongoing criminal activity sufficient to justify a finding of probable cause at the time the warrant was issued (*People v Church*, 31 AD3d 892, 894 [2006], *lv denied* 7 NY3d 866 [2006]; *see People v Gaviria*, 183 AD2d 913, 914 [1992], *lvs denied* 81 NY2d 839, 1014 [1993]; *cf. People v Rodriguez*, 303 AD2d 783, 785 [2003]). Indeed, the evidence in defendant's trash of illegal activity, even standing alone, was sufficient to support a reasonable belief that drugs and/or evidence of drug sales might be found in defendant's apartment (*see People v Sherwood*, 79 AD3d 1286, 1289 [2010]; *People v Ming*, 35 AD3d 962, 965

[2006], *lv denied* 8 NY3d 883 [2007]; *People v McCulloch*, 226 AD2d 848, 849 [1996], *lv denied* 88 NY2d 1070 [1996]; *People v Ashton*, 169 AD2d 353, 355-356 [1991], *appeal dismissed* 79 NY2d 897 [1992]).

Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.