■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL ESPINAL, Appellant. [999 NYS2d 24]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered March 26, 2013, as amended April 25, 2013, convicting defendant, after a jury trial, of attempted burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 12 years to life, unanimously affirmed.

The court properly exercised its discretion in admitting evidence of defendant's prior attempted burglary conviction as probative of his intent (*see e.g. People v Patterson*, 41 AD3d 169 [1st Dept 2007], *lv denied* 9 NY3d 925 [2007]). The probative value of the evidence outweighed its potential for prejudice. Given the defense theory that defendant did not intend to burglarize an apartment by entering through a window from a fire escape, but rather was trying to find a location to smoke marijuana, the evidence of defendant's prior act of entering an apartment through the fire escape was probative of his intent (*see People v Alvino*, 71 NY2d 233, 242 [1987]), and the People "were not bound to stop after presenting minimum evidence"

(*id*. at 245). The court minimized the potential prejudice by limiting the amount of evidence that could be introduced and by way of a suitable limiting instruction.

Defendant's sentence, which was the statutory minimum for defendant's conviction, given his persistent violent felony offender status, was not unconstitutionally severe (*see Rummel v Estelle*, 445 US 263, 271 [1980]; *People v Broadie*, 37 NY2d 100, 110-111 [1975], *cert denied* 423 US 950 [1975]). Concur— Gonzalez, P.J., Tom, Friedman, Acosta and Moskowitz, JJ.