People v Miller (2021 NY Slip Op 00749)





People v Miller


2021 NY Slip Op 00749


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1084/19 KA 17-01302

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSHUA L. MILLER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAIXI XU OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (SUSAN M. HOWARD OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered October 17, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the second degree. The judgment was affirmed by order of this Court entered November 15, 2019 in a memorandum decision (177 AD3d 1397), and defendant on February 20, 2020 was granted leave to appeal to the Court of Appeals from the order of this Court (34 NY3d 1161), and the Court of Appeals on December 15, 2020 reversed the order and remitted the case to this Court for consideration of issues raised but not decided on the appeal to this Court (— NY3d — [Dec. 15, 2020]). 
Now, upon remittitur from the Court of Appeals,
It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously affirmed.
Memorandum: This case is before us upon remittitur from the Court of Appeals (People v Bisono, — NY3d &mdash, 2020 NY Slip Op 07484 [2020], revg People v Miller, 177 AD3d 1397 [4th Dept 2019]). We previously affirmed the judgment convicting defendant upon his plea of guilty of attempted criminal possession of a controlled substance in the second degree (Penal Law §§ 110.00, 220.18 [2]) and concluded that defendant's waiver of the right to appeal was valid and that it encompassed his challenge to the severity of the sentence as well as his challenge to County Court's suppression ruling (Miller, 177 AD3d at 1397). The Court of Appeals reversed, determining that, pursuant to the analysis in People v Thomas (34 NY3d 545 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]), defendant's waiver of the right to appeal was "invalid and unenforceable" (Bisono, — NY3d at &mdash, 2020 NY Slip Op 07484, *2). The Court of Appeals remitted the matter to this Court for consideration of issues raised but not determined previously (id. at &mdash, 2020 NY Slip Op 07484, *2-3). We now affirm.
Contrary to defendant's contention, the court did not err in refusing to suppress evidence recovered during the execution of a search warrant. The information in the search warrant application "was indicative of an ongoing drug operation at [the searched location], and thus the application established probable cause to believe that a search of [that location] would result in evidence of drug activity" (People v Santos, 122 AD3d 1394, 1395 [4th Dept 2014] [internal quotation marks omitted]; see People v Coleman, 176 AD3d 851, 852 [2d Dept 2019], lv denied 34 NY3d 1076 [2019]).
We reject defendant's further contention that the court failed to comply with CPL 710.60 (6), which requires it to "set forth on the record its findings of facts, its conclusions of law and the reason for its determination" with respect to suppression. Although the court's statement was terse, we conclude that it was in substantial compliance with the statutory requirement (see People v Franco, 167 AD2d 957, 957 [4th Dept 1990]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court