People v Stephen R. McLaughlin (2021 NY Slip Op 02632)





People v Stephen R. Mclaughlin


2021 NY Slip Op 02632


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


164 KA 16-01902

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEPHEN R. MCLAUGHLIN, JR., DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered June 23, 2016. The judgment convicted defendant upon his plea of guilty of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [1]). As an initial matter, we agree with defendant that he did not validly waive his right to appeal because County Court's oral colloquy and the written waiver of the right to appeal provided defendant with erroneous information about the scope of that waiver and failed to identify that certain rights would survive the waiver (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Crogan, 181 AD3d 1212, 1212-1213 [4th Dept 2020], lv denied 35 NY3d 1026 [2020]).
We reject defendant's contention that the court erred in refusing to suppress evidence obtained as the result of warrantless searches of the home in which defendant resided and the surrounding premises. "It is well established that the police need not procure a warrant in order to conduct a lawful search when they have obtained the voluntary consent of a party possessing the requisite authority or control over the premises or property to be inspected" (People v Adams, 53 NY2d 1, 8 [1981], rearg denied 54 NY2d 832 [1981], cert denied 454 US 854 [1981]). Here, the testimony at the suppression hearing established that the homeowner "read the form containing the consent to search the premises, indicated that he understood it, and signed it" (People v Colon, 151 AD3d 1915, 1918 [4th Dept 2017]). We conclude, under the totality of the circumstances, that the homeowner provided voluntary consent and was not "under duress or compelled by law enforcement to consent to the search" (People v Nance, 132 AD3d 1389, 1389 [4th Dept 2015], lv denied 26 NY3d 1091 [2015]).
Contrary to defendant's further contention, the court did not err in refusing to suppress evidence obtained during the execution of a warrant to search defendant's cell phone. "It is well settled that a search warrant may be issued only upon a showing of probable cause to believe that a crime has occurred, is occurring, or is about to occur . . . , and where there is sufficient evidence from which to form a reasonable belief that evidence of the crime may be found inside the location sought to be searched" (People v Moxley, 137 AD3d 1655, 1656 [4th Dept 2016]). Here, the factual allegations in the warrant application "provided probable cause to search the cell phone that was recovered from defendant at the time of his arrest" (People v Hackett, 166 AD3d 1483, 1484 [4th Dept 2018], lv denied 32 NY3d 1204 [2019], reconsideration denied 33 NY3d 949 [2019]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court