People v Mothersell (2022 NY Slip Op 02661)

People v Mothersell

2022 NY Slip Op 02661

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, AND PERADOTTO, JJ.

116 KA 19-01411

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT MOTHERSELL, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered April 3, 2019. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law, the plea is vacated, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings on the indictment.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]), defendant contends that Supreme Court erred in refusing to suppress evidence obtained during the execution of a search warrant. We reject that contention because we conclude that the search warrant was supported by probable cause. It is well settled with respect to search warrants that "[p]robable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place" (People v Bigelow, 66 NY2d 417, 423 [1985]). Here, even assuming, arguendo, that certain information upon which the warrant was based was stale or does not pass the Aguilar-Spinelli test, we conclude that the remaining information in the application was sufficient to establish probable cause to believe that evidence of a crime might be found in defendant's residence. "Indeed, the evidence in defendant's trash of illegal activity, even standing alone, was sufficient to support a reasonable belief that drugs and/or evidence of drug sales might be found in" his residence (People v Harris, 83 AD3d 1220, 1222 [3d Dept 2011], lv denied 17 NY3d 817 [2011]).
Contrary to defendant's contention, the court properly denied his motion for a Franks/Alfinito hearing. Defendant failed to "make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard of the truth, was included by the affiant in the [search] warrant affidavit, and . . . [that such] statement [was] necessary to the finding of probable cause" (People v Navarro, 158 AD3d 1242, 1243 [4th Dept 2018], lv denied 31 NY3d 1120 [2018] [internal quotation marks omitted]).
Defendant further contends that the court should have suppressed his statements to the police because the People failed to establish that he knowingly, voluntarily, and intelligently waived his Miranda rights. We reject that contention. Defendant specifically contends that the court should have credited his hearing testimony that he waived his rights only because he felt threatened by the number of officers in the room while he was questioned and due to his prior interactions with one of those officers. The court concluded that defendant's testimony to that extent was not credible, and "[i]t is well settled that the 'factual findings and credibility [*2]determinations of a hearing court are entitled to great deference on appeal, and [they] will not be disturbed unless clearly unsupported by the
record' " (People v Hinojoso-Soto, 161 AD3d 1541, 1543 [4th Dept 2018], lv denied 32 NY3d 938 [2018]; see People v Rodas, 145 AD3d 1452, 1452-1453 [4th Dept 2016]; People v Hogan, 136 AD3d 1399, 1400 [4th Dept 2016], lv denied 27 NY3d 1070 [2016]). Here, the record supports the court's credibility determinations, and we find no basis to reject them.
We agree, however, with defendant that his plea was not knowingly, voluntarily, and intelligently entered. Although defendant failed to preserve that contention for our review (see People v Lodge, 54 AD3d 875, 876 [2d Dept 2008]), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). "A trial court is constitutionally required to ensure that a defendant, before entering a guilty plea, has a full understanding of what the plea entails and its consequences" (People v Belliard, 20 NY3d 381, 385 [2013]; see People v Streber, 145 AD3d 1531, 1532 [4th Dept 2016]), and where "a guilty plea has been induced by an unfulfilled promise, the plea must be vacated or the promise must be honored" (People v Dame, 100 AD3d 1032, 1034 [3d Dept 2012], lv denied 21 NY3d 1003 [2013]). Here, the court repeatedly promised defendant, who was proceeding pro se, that he would retain the right to appeal from all of its orders. The court reiterated that promise during the plea colloquy and did not advise defendant that he was forfeiting any challenge by pleading guilty. We conclude, however, that "[b]y pleading guilty, defendant forfeited his . . . contention that the first two counts of the indictment were duplicitous" (People v Bower, 27 AD3d 1122, 1123 [4th Dept 2006], lv denied 6 NY3d 892 [2006]). Consequently, "[i]nasmuch as the record establishes that defendant, in accepting the plea, relied on a promise of the court that could not, as a matter of law, be honored, defendant is entitled to vacatur of his guilty plea" (People v Smith, 160 AD3d 1475, 1476 [4th Dept 2018]; see People v Colon, 151 AD3d 1915, 1919 [4th Dept 2017]; cf. People v Rowe, 158 AD3d 1265, 1266 [4th Dept 2018], lv denied 31 NY3d 1017 [2018]).
Based on our determination, we do not address defendant's contention that the sentence imposed is unduly harsh and severe.
We have reviewed defendant's remaining contention and conclude that it lacks merit.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court