People v Howard (2023 NY Slip Op 02218)

People v Howard

2023 NY Slip Op 02218

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

259 KA 19-01113

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTOINE L. HOWARD, DEFENDANT-APPELLANT. 

JULIE A. CIANCA, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered March 27, 2019. The judgment convicted defendant upon a plea of guilty of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). The charge arose from the discovery of 176 bags of heroin in defendant's residence by the police during the execution of a search warrant. As a preliminary matter, we agree with defendant that his purported waiver of the right to appeal is unenforceable because the written waiver form "provided defendant with erroneous information about the scope of the waiver" (People v Singletary, 207 AD3d 1191, 1191 [4th Dept 2022], lv denied 38 NY3d 1190 [2022]), and Supreme Court's oral colloquy did not "cure [the] incorrect language in the written waiver form" (People v Thomas, 34 NY3d 545, 563 [2019], cert denied — US —, 140 S Ct 2634 [2020]).
We nevertheless reject defendant's contention that the search warrant was not issued upon probable cause. "[A] search warrant may be issued only upon a showing of probable cause to believe that a crime has occurred, is occurring, or is about to occur . . . , and where there is sufficient evidence from which to form a reasonable belief that evidence of the crime may be found inside the location sought to be searched" (People v McLaughlin, 193 AD3d 1338, 1339 [4th Dept 2021], lv denied 37 NY3d 973 [2021] [internal quotation marks omitted]; see People v Bartholomew, 132 AD3d 1279, 1280 [4th Dept 2015]). "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place" (People v Bigelow, 66 NY2d 417, 423 [1985]).
Here, in an affidavit submitted in support of the warrant application, a police investigator stated that a confidential informant with whom he had been working made seven controlled buys of narcotics from defendant. The first five controlled buys took place inside defendant's residence, while the last two occurred at a different location to which defendant directed the informant during a telephone conversation overheard by the police. Although the transactions inside defendant's residence occurred more than a year before issuance of the warrant, "the remaining information in the application was sufficient to establish probable cause to believe that evidence of a crime might be found in defendant's residence" (People v Mothersell, 204 AD3d 1403, 1404 [4th Dept 2022]). The last two controlled buys occurred within two weeks prior to the issuance of the warrant, and the police executed the warrant two days after such issuance. Although those two transactions, unlike the others, did not take place inside defendant's home, the investigator alleged that defendant, who was under police surveillance, left his home shortly [*2]after speaking on the phone with the informant and drove directly to the parking lot where he told the informant to meet him. After selling heroin to the informant, defendant drove back to his home. Under the circumstances, it was more probable than not that defendant kept drugs in his home. "Affording great deference to the determination of the issuing Magistrate and reviewing the application in a common-sense and realistic fashion" (People v Humphrey, 202 AD3d 1451, 1451 [4th Dept 2022], lv denied 38 NY3d 951 [2022] [internal quotation marks omitted]), we conclude that the search warrant was issued upon probable cause.
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court