People v Moore (2023 NY Slip Op 04045)

People v Moore

2023 NY Slip Op 04045

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, AND OGDEN, JJ.

496 KA 19-00780

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MATTHEW MOORE, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered February 1, 2019. The judgment convicted defendant, upon a plea of guilty, of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, and attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), criminal possession of a controlled substance in the third degree (§ 220.16 [12]), and attempted criminal possession of a weapon in the second degree (§§ 110.00, 265.03 [3]). We affirm.
Contrary to defendant's contention, Supreme Court properly refused to suppress evidence recovered upon execution of the search warrant. We conclude that the search warrant was supported by probable cause. The court "properly determined that there was a reasonable belief, based on . . . controlled buy operations, that it was likely that further evidence of [narcotics trafficking] could be found . . . at [the] residence [sought to be searched]" (People v Hightower, 207 AD3d 1199, 1200-1201 [4th Dept 2022], lv denied 38 NY3d 1188 [2022]). Moreover, we conclude that the search warrant was not overbroad, because it was "specific enough to leave no discretion to the executing officer[s]" (People v Brown, 96 NY2d 80, 84 [2001] [internal quotation marks omitted]). The warrant was limited to a seizure of evidence related to the sale and distribution of narcotics, and did not permit the officers to search for evidence of general criminality (cf. People v Herron, 199 AD3d 1476, 1479 [4th Dept 2021]). The record also demonstrates that the court properly tested the reliability of the information received from the confidential informants at the Darden hearing (see People v Allen, 298 AD2d 856, 856 [4th Dept 2002], lv denied 99 NY2d 579 [2003]).
Contrary to defendant's further contention, the court properly refused to suppress defendant's statements to the police. We reject defendant's contention that he did not validly waive his Miranda rights. "Great weight must be accorded to the determination of the suppression court because of its ability to observe and assess the credibility of the witnesses, and its findings should not be disturbed unless clearly erroneous or unsupported by the hearing evidence" (People v Coleman, 306 AD2d 941, 941 [4th Dept 2003], lv denied 1 NY3d 596 [2004]). After reopening the Huntley hearing and taking defendant's testimony, the court credited the investigator's testimony. Defendant's contrary testimony "merely raised an issue of credibility that the court was entitled to resolve in favor of the People" (id.). Defendant also contends that the court abused its discretion in declining to consider failure of the police to record the interrogation. We reject that contention because "[t]here is no Federal or State due process requirement that interrogations and confessions be electronically recorded" (People v De [*2]Micco, 39 AD3d 1262, 1263 [4th Dept 2007], lv denied 9 NY3d 864 [2007]). We also reject defendant's contention that the court failed to make an express finding with respect to the statements that defendant sought to suppress. We conclude that, "[a]lthough the court's statement was terse, . . . it was in substantial compliance with the statutory requirement," given the court's adherence to its previous written order, which set forth the basis for its ruling (People v Miller, 191 AD3d 1373, 1375 [4th Dept 2021], lv denied 36 NY3d 1121 [2021]).
Contrary to defendant's contention that the court imposed civil asset forfeiture as part of his sentence, the record before us reveals that the court merely recited that a civil forfeiture "by the federal government" had occurred and did not impose a forfeiture.
Finally, defendant's sentence is not unduly harsh or severe.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court