People v Scullin (2025 NY Slip Op 00559)

People v Scullin

2025 NY Slip Op 00559

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, NOWAK, AND HANNAH, JJ.

818 KA 23-00982

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
EAMON MICHAEL SCULLIN, DEFENDANT-RESPONDENT. 

ANTHONY J. DIMARTINO, JR., DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR APPELLANT. 
BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Oswego County Court (Theodore H. Limpert, A.J.), entered May 4, 2023. The order granted that part of defendant's omnibus motion seeking to suppress tangible evidence seized pursuant to a search warrant. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed and the indictment is dismissed.
Memorandum: The People appeal from an order granting that part of defendant's omnibus motion seeking to suppress tangible evidence seized pursuant to a search warrant. Contrary to the People's contention, County Court did not err in concluding that the People failed to demonstrate that the warrant was based on probable cause.
"[A] search warrant may be issued only upon a showing of probable cause to believe that a crime has occurred, is occurring, or is about to occur" (People v Moxley, 137 AD3d 1655, 1656 [4th Dept 2016]; see People v McLaughlin, 193 AD3d 1338, 1339 [4th Dept 2021], lv denied 37 NY3d 973 [2021]). "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but[, rather, it] merely [requires] information sufficient to support a reasonable belief that an offense has been or is being committed or that the evidence of a crime may be found in a certain place" (People v Conley, 192 AD3d 1616, 1617 [4th Dept 2021], lv denied 37 NY3d 1026 [2021]; see People v Bigelow, 66 NY2d 417, 423 [1985]; People v Griswold, 155 AD3d 1658, 1659 [4th Dept 2017], lv denied 31 NY3d 984 [2018]). Search warrant applications "must be considered in the clear light of everyday experience and accorded all reasonable inferences" (People v Hanlon, 36 NY2d 549, 559 [1975]; see People v Cahill, 2 NY3d 14, 41 [2003]). "A presumption of validity is accorded a search warrant application approved by a magistrate" (People v Williams, 140 AD3d 1526, 1526 [3d Dept 2016], lv denied 28 NY3d 1076 [2016]; see People v DeProspero, 91 AD3d 39, 44 [4th Dept 2011], affd 20 NY3d 527 [2013]), and "great deference" is given to that determination (People v Park, 266 AD2d 913, 913 [4th Dept 1999]; see Cahill, 2 NY3d at 41). Nevertheless, "[g]reat weight must [also] be accorded to the determination of the suppression court because of its ability to observe and assess the credibility of the witnesses, and its findings should not be disturbed unless clearly erroneous or unsupported by the hearing evidence" (People v Moore, 218 AD3d 1295, 1296-1297 [4th Dept 2023], lv denied 40 NY3d 1013 [2023] [internal quotation marks omitted]; see People v Fitch, 170 AD3d 1572, 1573 [4th Dept 2019], lv denied 33 NY3d 1069 [2019]; see generally People v Prochilo, 41 NY2d 759, 761 [1977]).
The People contend that the search warrant was supported by probable cause inasmuch as it was predicated on a lawful "trash rip" procedure performed by the police at defendant's address, which resulted in the recovery of evidence suggestive of drug possession and sales. We reject that contention. "[T]he Fourth Amendment [does not] prohibit[ ] the warrantless search and seizure of garbage left for collection outside the curtilage of a home" (California v [*2]Greenwood, 486 US 35, 37 [1988]; see People v Ramirez-Portoreal, 88 NY2d 99, 112-113 [1996]) inasmuch as "one has no reasonable, objective expectation of privacy in trash that [they] left in a public space for removal by a third-party" (People v Harris, 83 AD3d 1220, 1221 [3d Dept 2011], lv denied 17 NY3d 817 [2011]). "[E]vidence [found] in [a] defendant's trash of illegal activity, even standing alone, [can be] sufficient to support a reasonable belief that drugs and/or evidence of drug sales may be found in [that defendant's] residence" (People v Mothersell, 204 AD3d 1403, 1404 [4th Dept 2022] [internal quotation marks omitted]; see People v Humphrey, 202 AD3d 1451, 1452 [4th Dept 2022], lv denied 38 NY3d 951 [2022]). Thus, in the proper case, a court may conclude that information obtained from a trash rip procedure akin to the one performed here provided probable cause to support a search warrant (see Mothersell, 204 AD3d at 1404; Humphrey, 202 AD3d at 1452).
Here, police witnesses testified at the suppression hearing that the trash rip procedure yielded multiple leaf clippings that a field test kit determined tested positive for marijuana. The witnesses further testified that they connected the trash bags to defendant because they also recovered mail addressed to defendant and his girlfriend from the bags. The court, however, expressly declined to credit the witnesses' testimony with respect to the trash rip procedure and the evidence obtained as a result thereof because the officers who performed the trash rip procedure failed to take even basic measures to retain or document the material they purportedly recovered. In concluding that the trash rip procedure did not establish probable cause, the court noted the undisputed fact that, despite their decades of law enforcement experience, the police who performed the trash rip did not retain any of the inculpatory evidence found in the trash, solely because the recovered items were saturated in old food material. The court further noted that the police did not photograph the contents of the garbage bags or the positive field test result on the recovered plant materials. We conclude that the court's credibility determination is entitled to great deference and that nothing in the record justifies a contrary determination. To the contrary, the evidence at the hearing amply supports the court's determination not to credit the police testimony concerning the trash rip (see generally Prochilo, 41 NY2d at 761; Fitch, 170 AD3d at 1573).
In light of our determination, the People's remaining contentions are academic.
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court