People v Sewel
2026 NY Slip Op 04103
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JUSTIN M. SEWEL, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
470 KA 18-02217
Present: Whalen, P.J., Lindley, Ogden, Nowak, And Delconte, JJ.

ANNE LABARBERA, P.C., NEW YORK CITY (ANNE LABARBERA OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (AERON SCHWALLIE OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Monroe County Court (Daniel G. Barrett, A.J.), rendered April 3, 2017. The judgment convicted defendant upon a jury verdict of robbery in the first degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second degree (two counts).
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, robbery in the first degree (Penal Law § 160.15 [4]) and criminal use of a firearm in the first degree
(§ 265.09 [1] [b]). Defendant's conviction stems from his participation in the robbery of a victim with whom defendant had arranged a drug deal.
Defendant contends that the evidence is legally insufficient to support the conviction because he was merely present when a codefendant robbed the victim at gunpoint and the testimony of that codefendant with respect to defendant's intent to commit the robbery was not sufficiently corroborated. We reject that contention inasmuch as the other evidence at trial "tend[ed] to connect . . . defendant with the commission of the crime[s] in such a way as [could] reasonably satisfy the jury that the [codefendant was] telling the truth" (People v Reome, 15 NY3d 188, 192 [2010] [internal quotation marks omitted]; see People v Gause, 230 AD3d 1573, 1575 [4th Dept 2024], lv denied 43 NY3d 930 [2025]). Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences to support the conclusion that defendant had "a shared intent, or 'community of purpose' with the principal" (People v Carpenter, 138 AD3d 1130, 1131 [2d Dept 2016], lv denied 28 NY3d 928 [2016]) and that he "intentionally aided the principal in bringing forth [the] result" (People v Kaplan, 76 NY2d 140, 146 [1990] [emphasis omitted]; see Gause, 230 AD3d at 1574-1575). Contrary to defendant's further contention, neither the robbery victim nor the passenger in her vehicle was an accomplice for the purpose of CPL 60.22 inasmuch as any intent on the part of those individuals to participate in the sale of narcotics was " 'necessarily incidental' " to the commission of the crimes by defendant and the codefendant (People v Manini, 79 NY2d 561, 569 [1992]; see Penal Law § 20.10; People v Gray [appeal No. 2], 284 AD2d 1012, 1013 [4th Dept 2001], lv denied 97 NY2d 682 [2001]; cf. People v Forsythe, 115 AD3d 1361, 1364 [4th Dept 2014]).
With respect to defendant's contention that the verdict is against the weight of the evidence, we conclude that "a different verdict would not have been unreasonable inasmuch as this case rests largely on the jury's credibility findings with respect to the testimony of the [codefendant] and the People's other witnesses" (People v Harrell, 235 AD3d 1294, 1297 [4th [*2]Dept 2025], lv denied 43 NY3d 1009 [2025] [internal quotation marks omitted]; see People v Jones, 246 AD3d 1375, 1378-1379 [4th Dept 2026]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Nevertheless, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]) and "affording the requisite 'great deference to the jury given its opportunity to view the witnesses' " (People v Roman, 107 AD3d 1441, 1442 [4th Dept 2013], lv denied 21 NY3d 1045 [2013]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We reject defendant's contention that Supreme Court (Winslow, J.) erred in refusing to suppress evidence obtained as the result of a warrantless search of the common areas in the home in which defendant resided. "It is well established that the police need not procure a warrant in order to conduct a lawful search when they have obtained the voluntary consent of a party possessing the requisite authority or control over the premises or property to be inspected" (People v Adams, 53 NY2d 1, 8 [1981], rearg denied 54 NY2d 832 [1981], cert denied 454 US 854 [1981]). Here, the testimony at the suppression hearing established that "the primary resident" of the home "read the form containing the consent to search the premises, indicated that [she] understood it, and signed it" (People v Colon, 151 AD3d 1915, 1918 [4th Dept 2017]). We conclude, under the totality of the circumstances, that an individual possessing the requisite authority or control over the premises provided voluntary consent to the search (see People v McLaughlin, 193 AD3d 1338, 1339 [4th Dept 2021], lv denied 37 NY3d 973 [2021]; Colon, 151 AD3d at 1918).
Defendant failed to preserve for our review his contention that the United States Supreme Court's holding in Erlinger v United States (602 US 821 [2024]) renders unconstitutional the sentencing procedure pursuant to which he was adjudicated a persistent violent felony offender (see People v Hernandez, 43 NY3d 591, 597-598 [2025]; People v Daniels, 239 AD3d 1442, 1442-1443 [4th Dept 2025], lv denied 44 NY3d 982 [2025]; see generally People v Cabrera, 41 NY3d 35, 42-46 [2023]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Dibble, 247 AD3d 1566, 1569 [4th Dept 2026]). We reject defendant's remaining challenges to the sentence, which was the statutory minimum for defendant's conviction in light of his persistent violent felony offender status (see Penal Law § 70.08 [3] [a-1], [b]; People v McKinney, 302 AD2d 993, 994 [4th Dept 2003], lv denied 100 NY2d 584 [2003]; see also People v Espinal, 123 AD3d 499, 500 [1st Dept 2014], lv denied 25 NY3d 1163 [2015]).
We have reviewed defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Finally, we note that the uniform sentence and commitment form incorrectly states that defendant was convicted and sentenced in Supreme Court, Monroe County, and it must be amended to reflect that defendant was convicted and sentenced in Monroe County Court (see People v Savino, 239 AD3d 1452, 1454 [4th Dept 2025]).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court