■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ROSE, Appellant. [872 NYS2d 48]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered July 13, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony drug offender, to concurrent terms of five years and one year, respectively, unanimously affirmed.

The court properly denied defendant's request for an agency charge, since there was no reasonable view of the evidence, viewed most favorably to defendant, that he acted solely on behalf of the buyer (*see People v Herring*, 83 NY2d 780 [1994]; *People v Lam Lek Chong*, 45 NY2d 64, 74-75 [1978], *cert denied* 439 US 935 [1978]). Contrary to defendant's argument, there was no factual issue to be resolved by the jury regarding the agency defense. Nothing in the People's evidence supported an agency defense, and defendant's own testimony, even if fully credited, negated that defense. Under defendant's version of the transaction, what began as an alleged favor developed into an

opportunity for defendant to profit by acquiring a third of the drugs. We have repeatedly held, on the basis of language in *Lam Lek Chong* as well as common sense, that "[t]he defense of agency is not intended to protect a person who arranges a drug transaction for the purpose of earning the equivalent of a finder's fee or broker's commission, in contrast to a person who performs a 'favor,' possibly rewarded by a tip or incidental benefit" (*People v Elvy*, 277 AD2d 80, 80 [2000], *lv denied* 96 NY2d 783 [2001]).

We perceive no basis for reducing the sentence. Concur— Saxe, J.P., Gonzalez, Sweeny, Renwick and DeGrasse, JJ.