People v Manners (2021 NY Slip Op 04433)





People v Manners


2021 NY Slip Op 04433


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


234 KA 18-02414

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHAQUILLE O. MANNERS, DEFENDANT-APPELLANT. 






DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Philip J. Roche, J.), rendered October 10, 2018. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal sale of a controlled substance in the third degree (§ 220.39 [1]). We affirm.
Defendant contends that the verdict is against the weight of the evidence on the "intent to sell" element of criminal possession of a controlled substance in the third degree and the "sell" element of criminal sale of a controlled substance in the third degree. We reject that contention. In conducting our weight of the evidence review, we "assess[ ] the evidence in light of the elements of the crime[s] as charged to the jury" (People v Johnson, 10 NY3d 875, 878 [2008]; see People v Danielson, 9 NY3d 342, 349 [2007]). Here, County Court correctly defined "sell" as "to sell, exchange, give or dispose of to another" and "intent to sell" as the "conscious objective or purpose . . . to sell" (see Penal Law §§ 15.05 [1]; 220.00 [1]). Applying those definitions to defendant's undisputed sale of crack cocaine to a cooperating buyer in exchange for approximately $100 in cash and a portion of the drugs, we conclude that an acquittal on either charge would have been unreasonable (see generally Danielson, 9 NY3d at 348-349). Contrary to defendant's assertion, the verdict cannot be against the weight of the evidence on the agency defense because that defense was not submitted to the jury (see People v Mahon, 160 AD3d 563, 563 [1st Dept 2018], lv denied 31 NY3d 1119 [2018]; see also People v Bell, 191 AD3d 1308, 1309 [4th Dept 2021], lv denied 37 NY3d 954 [2021]; People v Simpson, 173 AD3d 1617, 1618 [4th Dept 2019], lv denied 34 NY3d 954 [2019]). Defendant's reliance on People v Cruz (176 AD3d 852 [2d Dept 2019]) is unavailing because the trial court gave an agency instruction in that case (see id. at 857).
We reject defendant's further contention that the court erred in refusing to submit the agency defense to the jury. Given the Court of Appeals' "language in [People v] Lam Lek Chong [45 NY2d 64 (1978)] as well as common sense," it is well established that " 'the defense of agency is not intended to protect a person who arranges a drug transaction for the purpose of earning the equivalent of a finder's fee or broker's commission, in contrast to a person who performs a "favor," possibly rewarded by a tip or incidental benefit' " (People v Rose, 58 AD3d 544, 545 [1st Dept 2009], lv denied 12 NY3d 859 [2009]; see People v Roche, 45 NY2d 78, 83 [1978], cert denied 439 US 958 [1978]; People v Elvy, 277 AD2d 80, 80 [1st Dept 2000], lv denied 96 NY2d 783 [2001]). Here, as noted above, it is undisputed that defendant sold crack cocaine to a cooperating buyer in exchange for approximately $100 in cash and a portion of the [*2]drugs. Moreover, it was defendant himself who insisted on keeping a portion of the drugs, and it was defendant himself who decided how much of the drugs he would be keeping. Unlike the "tip" scenario contemplated by the Court of Appeals in Lam Lek Chong, this is not a case in which the buyer, grateful for the seller's gratis assistance in procuring illegal drugs, generously decided to share the drugs with the seller as a token of appreciation. The roles were reversed in this case; instead of accepting a token gift at the buyer's behest, the seller—defendant—decided on his own initiative to take a cut of the drugs for himself. Thus, defendant was not entitled to an agency instruction because there is no reasonable interpretation of the evidence, even when viewed in the light most favorable to him, under which he acted "solely to accommodate the buyer" (People v Feldman, 50 NY2d 500, 503 [1980] [emphasis added]; see Roche, 45 NY2d at 83; Rose, 58 AD3d at 544-545; People v Hunt, 50 AD3d 1246, 1248 [3d Dept 2008], lv denied 11 NY3d 789 [2008]).
Finally, we note that both the certificate of conviction and the uniform sentence and commitment form incorrectly indicate that defendant was sentenced as a second felony offender, and they must be amended to reflect defendant's sentencing as a second felony drug offender previously convicted of a violent felony (see People v Martinez, 166 AD3d 1558, 1560 [4th Dept 2018]). The foregoing documents must also be amended to reflect the court's assessment of the required fees and surcharges (see People v Cutaia, 167 AD3d 1534, 1536 [4th Dept 2018], lv denied 33 NY3d 947 [2019]).
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court