People v Austin (2022 NY Slip Op 03848)

People v Austin

2022 NY Slip Op 03848

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

490 KA 19-01031

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RASHLEIGH AUSTIN, DEFENDANT-APPELLANT. 

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (EVAN ESSWEIN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered January 22, 2019. The judgment convicted defendant upon a plea of guilty of criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). As an initial matter, we conclude that defendant's waiver of the right to appeal is invalid inasmuch as both the written waiver signed by defendant and County Court's oral waiver colloquy mischaracterized the nature of the right to appeal (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Jones, 186 AD3d 1069, 1070 [4th Dept 2020]).
Defendant's contention that his right to due process was violated by the court's in camera review of the search warrant application is unpreserved for our review because defendant never objected to the in camera review on that ground (see CPL 470.05 [2]; see generally People v Jackson, 203 AD3d 1680, 1682 [4th Dept 2022]; People v Resto, 147 AD3d 1331, 1331-1332 [4th Dept 2017], lv denied 29 NY3d 1000 [2017], reconsideration denied 29 NY3d 1094 [2017]), and we decline to exercise our power to reach that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
We reject defendant's contention that the court erred in refusing to suppress evidence obtained pursuant to search warrants for defendant and his apartment. The court properly concluded that the warrants were based on probable cause, inasmuch as they were "based on[, inter alia,] firsthand information from the officer who conducted the monitored, controlled drug buy . . . with a confidential informant, thereby establishing the informant's reliability" (People v Long, 100 AD3d 1343, 1346 [4th Dept 2012], lv denied 20 NY3d 1063 [2013] [internal quotation marks omitted]). Further, the court "properly relied on the ability of [the issuing court] to assess the credibility of the confidential informant" (People v Demus, 82 AD3d 1667, 1667 [4th Dept 2011], lv denied 17 NY3d 815 [2011]; see Long, 100 AD3d at 1346).
Contrary to defendant's further contention, we conclude that the bargained-for sentence is not unduly harsh or severe. Finally, we note that the court misstated at sentencing that defendant was being sentenced as a second felony offender, rather than as a second felony drug offender (see Penal Law § 70.71 [1] [b]; see generally People v Manners, 196 AD3d 1125, 1127 [4th Dept 2021], lv denied 37 NY3d 1028 [2021]). Consequently, the certificate of disposition must be amended to reflect that defendant was sentenced as a second felony drug offender (see Manners, 196 AD3d at 1127).
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court