People v Hightower (2022 NY Slip Op 04487)

People v Hightower

2022 NY Slip Op 04487

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

485 KA 21-00992

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARREN HIGHTOWER, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS M. LEITH OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered June 16, 2021. The judgment convicted defendant upon a plea of guilty of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). We affirm.
We reject defendant's contention that County Court erred in refusing to suppress evidence obtained pursuant to search warrants for defendant's apartment and his motor vehicle. "[A] search warrant may be issued only upon a showing of probable cause to believe that a crime has occurred, is occurring, or is about to occur . . . , and where there is sufficient evidence from which to form a reasonable belief that evidence of the crime may be found inside the location sought to be searched" (People v McLaughlin, 193 AD3d 1338, 1339 [4th Dept 2021], lv denied 37 NY3d 973 [2021] [internal quotation marks omitted]; see People v Bartholomew, 132 AD3d 1279, 1280 [4th Dept 2015]). "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but[, rather, it] merely [requires] information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place" (People v Bigelow, 66 NY2d 417, 423 [1985]).
Here, the factual allegations contained in the affidavit attached to the warrant application from a detective with the Syracuse Police Department provided probable cause to believe that defendant was operating his drug business out of his apartment based on the detective's observations of defendant's involvement in two controlled buy operations with a confidential informant (see People v Ferron, 248 AD2d 962, 962 [4th Dept 1998], lv denied 92 NY2d 879 [1998]). The court properly determined that there was a reasonable belief, based on the controlled buy operations, that it was likely that further evidence of cocaine distribution could be found on defendant's person and at his residence (see People v Harvey, 298 AD2d 527, 529 [2d Dept 2002]; People v Rodriguez, 270 AD2d 956, 957 [4th Dept 2000], lv denied 95 NY2d 870 [2000]).
Further, having reviewed the transcript from the Darden hearing, we conclude that "the confidential informant's basis of knowledge was sufficiently established at the in camera Darden hearing" (People v Mitchum, 130 AD3d 1466, 1468 [4th Dept 2015]) inasmuch as "the information from the informant, in its totality, 'provided ample basis to conclude that the informant had a basis for his or her knowledge that defendant was in possession of' " drugs (People v Knight, 94 AD3d 1527, 1529 [4th Dept 2012], lv denied 19 NY3d 998 [2012]; see People v Lowe, 50 AD3d 516, 516 [1st Dept 2008], affd 12 NY3d 768 [2009]). We further [*2]conclude that the testimony at the Darden hearing established that "the hearsay information supplied in the search warrant application satisfied the two prongs of the Aguilar-Spinelli test and that the search warrant was issued upon probable cause" (Mitchum, 130 AD3d at 1468).
With respect to the search warrant for defendant's vehicle, we reject defendant's contention that the amended search warrant application did not properly incorporate the affidavit supporting the original search warrant application. "[S]earch warrant applications should not be read in a hypertechnical manner as if they were entries in an essay contest" (People v Hanlon, 36 NY2d 549, 559 [1975]; see People v Coles, 275 AD2d 995, 995 [4th Dept 2000], lv denied 95 NY2d 962 [2000]); rather, such applications "must be considered in the clear light of everyday experience and accorded all reasonable inferences" (Hanlon, 36 NY2d at 559; see People v Cahill, 2 NY3d 14, 41 [2003]). Thus, properly read in conjunction, we conclude that the search warrant application and the amended search warrant application contained sufficient factual averments to support a reasonable belief that evidence of defendant's drug sales would be found in his vehicle (see generally Bigelow, 66 NY2d at 423). Even assuming, arguendo, that there was no probable cause to believe that evidence of a crime—i.e., cocaine distribution—would be found in the vehicle (cf. People v Gordon, 36 NY3d 420, 430 [2021]; see generally Bigelow, 66 NY2d at 423), we conclude that the particular circumstances of this case permit the rare application of the harmless error rule to defendant's guilty plea (see People v Clanton, 151 AD3d 1576, 1579 [4th Dept 2017]). Given that the court properly denied suppression of the large amount of cocaine and drug packaging materials recovered from defendant's apartment, which would be admissible at trial, "there is no reasonable possibility that the court's error in failing to suppress [the limited amount of physical evidence recovered from the vehicle] contributed to [defendant's] decision to plead guilty" (id.; see People v Wells, 21 NY3d 716, 719 [2013]; cf. People v Grant, 45 NY2d 366, 379-380 [1978]).
Defendant's contention that the confidential informant's single photo identification of defendant was improper and tainted the entire warrant application is unpreserved for our review inasmuch as it was not raised in defendant's motion papers or at the suppression hearing (see generally CPL 470.05 [2]; People v Santos, 122 AD3d 1394, 1395 [4th Dept 2014]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Contrary to defendant's further contention, we conclude that the bargained-for sentence is not unduly harsh or severe. Finally, we note that the court misstated at sentencing that defendant was being sentenced as a second felony offender, rather than as a second felony drug offender (see Penal Law § 70.70 [1] [b]; see generally People v Manners, 196 AD3d 1125, 1127 [4th Dept 2021], lv denied 37 NY3d 1028 [2021]). Consequently, the certificate of conviction must be amended to reflect that defendant was sentenced as a second felony drug offender (see Manners, 196 AD3d at 1127).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court