People v Villanueva-Medina (2023 NY Slip Op 02444)

People v Villanueva-medina

2023 NY Slip Op 02444

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND OGDEN, JJ.

405 KA 18-02150

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ISAAC M. VILLANUEVA-MEDINA, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered November 14, 2017. The judgment convicted defendant upon a plea of guilty of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree and conspiracy in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]), criminal possession of a controlled substance in the second degree (§ 220.18 [1]) and conspiracy in the fourth degree (§ 105.10 [1]), arising from the execution of a search warrant for a vehicle in which defendant was a passenger and wherein drugs were discovered. We affirm.
Defendant contends that the search warrant for the vehicle was not supported by probable cause and that Supreme Court therefore erred in refusing to suppress the evidence seized as a result of that search. Contrary to defendant's contention, the search warrant was supported by probable cause. "A search warrant must be based on probable cause and describe with particularity the areas to be searched" (People v Gordon, 36 NY3d 420, 426 [2021]). "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place" (People v Bigelow, 66 NY2d 417, 423 [1985]). Moreover, " '[s]earch warrant applications should not be read in a hypertechnical manner as if they were entries in an essay contest' . . . , rather, such applications 'must be considered in the clear light of everyday experience and accorded all reasonable inferences' " (People v Hightower, 207 AD3d 1199, 1201 [4th Dept 2022], lv denied 38 NY3d 1188 [2022]). Here, the search warrant application was supported by the affidavit of a deputy, which included details of the deputy's personal knowledge of an ongoing investigation of a drug trafficking operation. The affidavit also included descriptions of telephone conversations obtained by eavesdropping warrants, during which defendant was a participant in conversations with his coconspirators about drug exchanges. In the affidavit the deputy further stated that defendant was observed driving the subject vehicle when he met with one of the coconspirators. We conclude that such information is sufficient to support a reasonable belief that evidence of the drug trafficking operation could be found in the vehicle (see id.; People v Harper, 236 AD2d 822, 823 [4th Dept 1997], lv denied 89 NY2d 1094 [1997]).
In light of our determination, we do not consider defendant's remaining contention.
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court