People v Speed (2025 NY Slip Op 07129)

People v Speed

2025 NY Slip Op 07129

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, NOWAK, AND KEANE, JJ.

761 KA 24-01258

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DENNIS SPEED, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (STEPHANIE M. STARE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GRAZINA HARPER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered July 9, 2024. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The conviction arose from defendant's conduct in conjunction with a shooting that occurred outside a bar. We affirm.
Defendant contends that Supreme Court erred in denying his motion to dismiss the indictment on statutory speedy trial grounds because the People allegedly failed to comply with their discovery obligations under CPL 245.20 (1). We reject that contention. The People filed an initial certificate of compliance (COC) on January 25, 2024, and four supplemental COCs from February 7, 2024 to May 17, 2024, each with a corresponding statement of readiness (SOR). While defendant now challenges the validity of the initial and the first through the third supplemental COCs, his speedy trial motion challenged only the initial and the first supplemental COC. Thus, defendant's challenges to the validity of the second and third supplemental COCs are unpreserved for our review (see CPL 245.50 [4] [a]; 470.05 [2]; People v Odusanya, 235 AD3d 1299, 1302 [4th Dept 2025], lv denied 43 NY3d 965 [2025]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; People v Newton, 221 AD3d 1551, 1553 [4th Dept 2023], lv denied 40 NY3d 1093 [2024]).
With respect to the discovery-related contentions that are properly before us, we find no basis for reversal of the order denying defendant's speedy trial motion. Defendant argued in his motion papers that the initial COC was invalid because the People failed to disclose certain 911 calls in a timely manner. Although the People provided the defense with those 911 calls on February 7, 2024 when they filed the first supplemental COC, defendant asserted that the evidence should have been disclosed prior to the filing of the initial COC, thus rendering the initial COC invalid and the People's initial SOR illusory.
Because the 911 calls disclosed on February 7, 2024 were not provided to the People until January 31, 2024, we conclude that the People "had complied with their automatic discovery obligations under CPL article 245 to the extent possible" at the time they filed the initial COC and SOR (People v Geer, 224 AD3d 1353, 1353 [4th Dept 2024], lv denied 42 NY3d 970 [2024]; see also People v Flowers, 234 AD3d 1347, 1348 [4th Dept 2025], lv denied 43 NY3d 1045 [2025]). In any event, even if we were to conclude that the People failed to exercise due diligence in obtaining and disclosing the 911 calls prior to the filing of the initial COC (see generally People v Bay, 41 NY3d 200, 210 [2023]), the only additional time that would be [*2]charged to the People for speedy trial purposes is 13 days, which, when added to the 133 days chargeable to the People prior to the filing of the initial COC, falls well short of the six-month deadline within which the People were required to state readiness for trial, which in this case totaled 184 days (see CPL 30.30 [1] [a]; People v Militello, 199 AD2d 1053, 1053 [4th Dept 1993]). Thus, standing alone, defendant's challenge to the initial COC has no speedy trial implications, and defendant does not contend that the court should have imposed a discovery sanction under CPL 245.80.
Defendant further contends that the first supplemental COC is invalid because the People had not yet disclosed a 911 call relating to a separate incident, which was relevant only to the extent that it explained why two police officers were in the general vicinity when the shooting occurred. We agree with the People that the 911 call regarding the separate incident was not subject to automatic discovery under CPL 245.20 because it does not relate to the subject matter of the case.
Defendant further contends that the court erred in refusing to suppress evidence obtained by the police as the result of search warrants issued for his home and cellular phone records. As defendant correctly conceded at oral argument on appeal, however, the police recovered no incriminating evidence during either search and, thus, any alleged error in issuing the warrants could not have possibly contributed to defendant's decision to plead guilty (see People v Hightower, 207 AD3d 1199, 1201-1202 [4th Dept 2022], lv denied 38 NY3d 1188 [2022]).
Finally, we conclude that the bargained-for sentence is not unduly harsh or severe.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court